ROCH RADEZKY ET AL., ADMINISTRATORS, *vs.* SARGENT AND COMPANY.

Third Judicial District, Bridgeport, April Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

An essential element of the cause of action created by statute (General Statutes, §§ 1004, 1119, as amended by Public Acts of 1903, Chaps. 153, 193) against one who by negligence causes the death of another, is that suit should be commenced within the time therein prescribed.

The fact that no administrator upon the estate of the decedent was appointed until after the time prescribed for suit had expired, does not extend the statutory period nor validate a suit thereafter begun.

Under the Practice Act a plaintiff may at the outset anticipate a plea of the statute of limitations, and endeavor to overcome its effect by appropriate allegations in his complaint ; and where this course is followed the question whether the action is maintainable notwithstanding the statute may be raised by demurrer to the complaint.

Having demurred to the complaint in an action of tort, the defendant may file a notice of his intention to contradict the plaintiff's allegations in case a hearing in damages should thereafter be had. Such notice is not a part of the pleadings, and has no effect at all unless a hearing in damages follows.

Argued April 14th—decided August 12th, 1904.

ACTION to recover damages for negligence resulting in the death of the plaintiffs' intestate, brought to the Superior Court in New Haven County where a demurrer to the complaint was sustained (*Shumway, J.*) and judgment was af-

terwards rendered (*Thayer, J.*) for the defendant, from which the plaintiffs appealed. *No error.*

The plaintiffs' intestate, while riding on an elevator owned and operated by the defendant corporation, was thrown to the ground, whereby he was greatly injured, and as a result of the injuries died on the same day. The plaintiffs claim that the death of their intestate was due to the negligence of the defendant, and seek in this action to recover damages in accordance with the statute in such case made and provided.

In the complaint the plaintiffs allege that the negligence complained of, and consequent death of their intestate, occurred on September 19th, 1902, and that they were appointed administrators on October 24th, 1902. The writ and complaint is dated October 20th, 1903, and returnable to the Superior Court in New Haven county on November 3d, 1903.

The defendant demurred because it appeared that the action was not brought within one year from the neglect complained of, nor within one year from the date of the alleged injury, nor within one year from the date of the alleged decease of the plaintiffs' intestate. The court (*Shumway, J.*) sustained the demurrer and rendered judgment for the defendant. After the demurrer was sustained and before judgment, the court, upon motion and for cause shown, granted leave to the defendant to file a notice as to the evidence it intended to produce upon a hearing in damages.

In the reasons of appeal the plaintiffs claim that the court erred in sustaining the demurrer and in granting the defendant leave to file the notice as to a hearing in damages.

*Benjamin Slade* and *Maxwell Slade*, for the appellants (plaintiffs).

*John K. Beach* and *Samuel H. Fisher*, for the appellee (defendant).

HAMERSLEY, J. This is an action upon a statute. The cause of action is one created by statute. A liability or pen-

alty is imposed upon the person who by his negligence causes the death of another. The beneficiaries of this liability are the husband, or widow, and heirs of the person injured, as prescribed in the statute. The right of action is given to the administrator of the person injured as representing these beneficiaries, provided an action is commenced within a time fixed by the statute.

This statutory cause of action was first created in 1853, and the liability imposed was limited to railroad companies. Public Acts of 1853, p. 135, § 8. In 1877 this statutory liability was extended and imposed upon any party " legally in fault," provided " that no action shall be brought upon this statute but within one year after the neglect complained of." Public Acts of 1877, p. 191, Chap. 78. The statute appears in this form in the Revision of 1888, § 1009, and its substantial provisions remain in force under §§ 1094, 1119 of the Revision of 1902 as re-enacted in 1903. Public Acts of 1903, p. 116, Chap. 153, p. 149, Chap. 193, § 4. Possibly some questions might be suggested as to the legal effect upon this statute of the changes in legislation between 1888 and 1903, especially as to whether the time limit affecting the present case dates from the day of the neglect complained of or from the death of the injured person. As the injury to the plaintiffs' intestate and his death occurred on the same day, that question is immaterial. The parties raise no question as to the substance of the statute governing this case, and the effect of the changes referred to need not be considered.

The complaint, which is dated October 20th, 1903, alleges that the plaintiffs' intestate was, on September 19th, 1902, injured by the defendant's negligence, and died as the result of said injury and negligence on the same day ; that the plaintiffs were appointed administrators of their intestate's estate on October 24th, 1902. It therefore appears upon the face of the complaint, read as it must be in connection with the writ, that this action upon the statute which creates a cause of action upon the expressed condition or limitation that an action thereon shall be commenced within the fixed

period of one year, was not commenced within one year from the death of the party injured or of the neglect complained of, but was commenced within one year from the appointment of administrators.

The defendant's demurrer to this complaint presents in substance two questions of law. First, does the complaint, in alleging that the defendant by its negligence caused the death of the plaintiffs' intestate on a day more than one year before the commencement of the action, state a cause of action under the statute upon which it is brought? Second, is the fact that administration was not granted until one month after the death of the injured person an exception to the unqualified time limit which may serve to continue the statutory liability beyond the limit fixed by the statute?

The trial court answered both these questions correctly. The language of the statute is clear and explicit, containing no exception and suggesting no qualification. Neither the failure of the statutory beneficiaries of the liability created, to secure the appointment of an administrator, nor the failure of an administrator to commence an action, affect the time limit fixed by statute. When this statutory liability was first imposed it affected railroad companies only, and the legislature fixed the time limit at "six months after the cause of action shall arise." Public Acts of 1853, p. 140, § 21. This limit was extended in 1865 to one year. Public Acts of 1865, p. 59. In *Andrews* v. *Hartford & N. H. R. Co.*, 34 Conn. 57, it was held that the legislature, in using the words "after the cause of action shall have arisen," intended to say and did in legal effect say, after the appointment of an administrator; the case assumes, as obvious and incontestible, that whatever may be the event designated as the commencement of the limit, its termination is fixed and absolute upon the expiration of one year from that event. The language thus construed was altered at the next session of the General Assembly (Public Acts of 1867, p. 104, Chap. 92), and the decision served to elicit from the legislature a clear and explicit statement that the meaning of this statute as altered is to impose upon the persons mentioned a statu-

tory liability to pay damages to the administrator of a person whose life is taken through their negligence, provided a suit to enforce the liability is brought within the definite period of time mentioned, following the death of the person so injured. This meaning and effect of the statute has not since been questioned.

The plaintiffs further claim that notwithstanding the judgment sustaining the demurrer correctly determines the merits of the case, yet it should be set aside because the questions of law are not properly raised by the defendant's demurrer to the plaintiffs' complaint, and should have been raised by the plaintiffs' demurrer to the defendant's answer.

This claim is based upon the theory that the common-law rule, that the statute of limitations must be pleaded, remains in full force under the Practice Act, and is applicable to the facts of the present case. If so, it would not avail the plaintiffs in this case. It is settled that under the Practice Act it is permissible for the plaintiff, in framing his complaint in an action against which the statute of limitations has apparently run, to state his whole case and allege the facts he deems legally sufficient to enable him to maintain his action, notwithstanding the time limited for its commencement has expired; and when this is done it is permissible for the defendant to raise the question of law by a demurrer to the complaint. *O'Connor* v. *Waterbury*, 69 Conn. 206, 210.

The plaintiffs have followed this course in their complaint. They have alleged their appointment as administrators a month after the death of their intestate, and rely upon this fact, and on this fact alone, as legally sufficient to excuse the failure to commence an action within the time limited by statute. For this reason the questions of law correctly decided by the court were properly raised by the defendant's demurrer, and the court did not err in sustaining the demurrer and rendering judgment for the defendant.

In the view we have taken of the main question, the other error assigned becomes of no consequence to the parties, but a decision of the point raised may be of sufficient importance, as settling a question of practice, to justify its consideration.

The court did not err in permitting the defendant, upon cause shown, to file a written notice to the plaintiffs of its intention to contradict the allegations of the complaint in case a hearing in damages should take place after the seventy days in which such notice, under the rules of court, should have been filed, had expired. This notice is not a part of the pleadings and has no effect for any purpose unless a hearing in damages actually takes place. A hearing in damages upon default, in case of demurrer overruled or otherwise, is possible in an action of tort until a final judgment is rendered from which no appeal is taken. In contemplation of that possibility the defendant may file the notice within the limit of seventy days, and afterwards, by leave of court upon cause shown. *Ockershausen* v. *New York, N. H. & H. R. Co.*, 71 Conn. 617, 623.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.