MICHAEL O'KEEFE *vs.* THE SCOVILL MANUFACTURING COMPANY.

Third Judicial District, New Haven, June Term, 1905.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

General Statutes, § 454, provides that any judge of the Superior Court may hold a special session of said court at any time, but that no contested issue shall be tried except by written agreement of the parties or their counsel, unless twenty days' notice of the time and place of holding such session shall have been given. *Held* that in the absence of the prescribed notice and of any written agreement of the parties or their counsel, a judge holding a special session could not insist upon the trial of a contested hearing in damages, nor render a valid judgment for substantial damages against a protesting defendant who declined to appear. ·

Argued June 7th—decided October 6th, 1905.

ACTION to recover damages for personal injuries alleged to have been caused by the defendant's negligence, brought to and heard in damages by the Superior Court in New Haven County, *George W. Wheeler, J.*, at a special session, against the objection of the defendant and in its absence ; judgment for the plaintiff for $2,750, and appeal by the defendant. *Error and new trial granted.*

*Lucien F. Burpee*, for the appellant (defendant).

*John O'Neill* and *William Kennedy*, for the appellee (plaintiff).

HALL, J. This action was brought to the Superior Court held at Waterbury on the first Tuesday of February, 1902. On the 24th of March, 1902, the defendant filed a notice of intention to suffer a default, and on the same day filed a notice that upon the hearing in damages it would deny and offer evidence to disprove the allegations of

thirteen of the fourteen paragraphs of the complaint, and would offer evidence to prove contributory negligence.

On February 3d, 1905, at a special session of the Superior Court held at Waterbury by *Judge George W. Wheeler,* under the provisions of § 454 of the General Statutes, counsel for the plaintiff asked for the assignment of the case for trial before said judge, to which counsel for the defendant objected upon the ground that they could not be prepared for trial. The court assigned the case for trial on the 9th of February, 1905, stating that this would enable counsel to prepare for trial; and at the request of the defendant, in order to further postpone the time when the case would be reached for trial, assigned another case before it. On the 8th of February counsel for both parties appeared before the court, and counsel for defendant stated that they could not be ready for trial on the 9th, for want of time, and because they were engaged in trying a case before a committee. The court informed them that the committee must give way to assignments in the Superior Court.

On the 9th of February the plaintiff appeared but the defendant did not appear, and at the opening of the court on that day judgment of default was entered up against the defendant and the court heard the plaintiff and his witnesses ; and to enable plaintiff to present further evidence continued the case until the 17th of February, of which continuance counsel for the defendant had notice.

The judgment-file shows that on the 17th of February, and before final judgment was rendered, the defendant filed with the clerk the following writing signed by its attorneys :—

" Michael O'Keefe      Superior Court,
       *vs.*      New Haven County,
The Scovill Manufacturing      Waterbury, Feb. 16, 1905.
       Company.

Exceptions.

" The defendant in this action respectfully takes exception to the conduct of the court in proceeding to a trial of

the issues therein at this session of said court, against the objection of the defendant, and without the written agreement of the parties or their counsel, and without having given twenty days' notice of the time and place of this session."

It further appears from the judgment-file, that the court thereafter on said day heard the plaintiff, assessed the damages at $2,750, and rendered judgment for the plaintiff for said sum and costs.

The defendant also, on the 17th of February and before judgment was rendered, filed a second notice " as to hearing in damages," containing the same notice as to the allegations of the complaint to be denied and disproved upon the hearing in damages, as that filed March 24th, 1902.

The defendant's first reason of appeal—that the court erred in proceeding to try the case and render judgment at a special session, without the written agreement of the parties or their counsel, and without the twenty days' notice required by statute and against the defendant's protest—must be sustained. The time and place of holding terms and sessions of the Superior Court, having been fixed by § 452 of the General Statutes, § 454, entitled " additional and special sessions," provides that the judges of the Superior Court at their annual meeting shall " provide for and fix the time for such additional sessions " as may be necessary, and shall assign the judges to hold said several sessions ; but that " any judge may hold a special session of said court for the trial of civil causes and the disposition of civil business at any time, subject to such regulations as said judges may from time to time prescribe, . . . *provided* that no contested issue shall be tried except by written agreement of parties or their counsel, except at a session fixed by said judges, unless twenty days' notice of the time and place of such session shall be given." The session of court at which the present action was tried and decided was a " special " one, and not an " additional session " provided by the judges at their annual meeting.

It is argued by plaintiff's counsel that it is to be presumed

that the session at which this case was tried was one fixed by the judges, twenty days' notice of the time and place of which was not required to be given. The record forbids such a presumption. Sessions provided for by the judges at their annual meeting, in addition to or in the place of those fixed by § 452, are no more special sessions than are those provided by § 452. Such sessions are not called special sessions in the statute but " additional sessions," while those sessions which, in addition to those fixed by statute and those provided at the annual meeting of the judges, may be held by any judge upon twenty days' notice, are termed " special sessions." General Statutes, §§ 454, 457. Both in the heading and in the body of the judgment-file, in the case at bar, the session at which this action was tried and decided is described as a " special session," and the notice given of the time and place of holding it is stated.

There were contested issues in this case. The case was evidently assigned to be heard in damages by the court, and was defaulted for that purpose. Although judgment of default had not been entered up when the case was assigned for trial, the notice of intention to suffer a default, filed long before, entitled either party to have such judgment entered up upon application to the clerk. Public Acts of 1903, p. 134, Chap. 175. Having filed its notice of intention to suffer a default, the defendant was entitled to file its first notice as to hearing in damages at the time it was filed, although judgment by default had not then been actually rendered. *Radezky* v. *Sargent & Co.*, 77 Conn. 110, 115. When, after the default, the hearing in damages was had, this notice practically put in issue the truth of the allegations of the paragraphs of the complaint named in the notice, and the hearing in damages became a trial of those issues, the essential difference between a hearing in damages after the filing of such a notice, and a trial to the court upon a formal answer raising similar issues, being as to the burden of proof. *Morris* v. *Winchester Repeating Arms Co.*, 73 Conn. 680, 685. It appears from the judgment-file that the default entered on the 9th of February, 1905, was not the

ordinary default for nonappearance, but was " for the purpose of hearing in damages."

The defendant was not entitled to file his second notice, as to a hearing in damages, on February 17th, 1905. The provisions of § 105, Rules of Court, p. 35, requiring the filing of such notice within ten days after notice of the entry of the judgment by default, apply only to actions other than actions of tort.

It appears from the record that the notice required by statute (§ 454) to be given, in order to authorize the trial of cases at special sessions without the written agreement of the parties or their counsel, was not given. As the record shows that the hearing and judgment were at a special session of court, it was proper, if not necessary, that it should also show that the statutory notice was given. The judgment-file was the proper place for the statement of the facts with reference to such notice. That file states that the special session began on the 31st of January, 1905, and that notice of the time and place of such session was given on the 19th of January, 1905. There was no written agreement by the parties or their counsel that the case might be heard at the special term. The fact that the finding by the trial judge of the circumstances under which the case was assigned, and under which he exercised his supposed authority to proceed with the trial, contains no suggestion of any such agreement; that it is expressly found that the defendant objected to the assignment and trial of the case as above stated, and also filed its written objection to the trial of the case upon the ground of the insufficiency of the notice and of the absence of such written agreement; that there is no such writing among the files, where it should have been placed and kept, if made, and that plaintiff's counsel do not claim that such an agreement was in fact made,— compel the conclusion that there was no such agreement.

Assuming that the trial of the case without such written agreement, at a special term of which the required notice had not been given, did not render the judgment void, but was only such an irregularity as the defendant might have

waived, the facts fail to show such a waiver. The defendant did not appear at the trial. Its counsel objected to the assignment of the case, and, by the written exceptions filed, objected upon the ground that the statutory requirements of twenty days' notice of the session, and of a written agreement consenting to the trial of the case, had not been complied with. As the case was tried in the absence of the defendant it was not necessary for the defendant to call the attention of the court, in any other way than it did, to the facts that the required notice of the session had not been given and that there was no written agreement for the trial of the case. The court itself should have ascertained whether due notice of the session had been given, or whether the parties had agreed in writing to try the case, before proceeding with the hearing in the absence of the defendant; and there was error in trying the case and rendering judgment for substantial damages at a special term, without such notice or such agreement.

There is error and a new trial is granted.

In this opinion the other judges concurred.