.FRANK JAKIELA *vs.* FRED ELLISON.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued March 1st—decided April 12th, 1932.

*Frederick S. Harris,* for the appellant (plaintiff).

*Irving G. Smith,* for the appellee (defendant).

PER CURIAM. The plaintiff brought an action against the defendant by a writ dated October 12th, 1931. He alleged in his complaint that on or about September 10th, 1930, the plaintiff was employed by the defendant as a truck driver; that the defendant placed on the running-board of the truck being operated by the plaintiff a can of gasoline within a few inches of an exposed battery box, so that it exploded, causing the plaintiff severe burns; that thereupon the defendant agreed orally with the plaintiff that if he would not proceed against him at law and would waive his right to damages the defendant would pay him $15 a week during his incapacity, pay his hospital and medical bills and would re-employ him when he was able, fit and ready to resume work; that in reliance upon the agreement the plaintiff did not bring suit against the defendant; that the plaintiff was incapacitated for a considerable

period, incurred obligations for medical and hospital bills, and when he again was able to resume work the defendant refused to employ him. The defendant filed a plea to the jurisdiction setting up that the action was one which, lying in negligence, was barred by the. statute of limitations requiring such actions to be brought within one year. General Statutes, § 6015. The allegations in the complaint as to the conduct of the defendant in placing the can of gasoline upon the running board of the truck were clearly matters of inducement and the real cause of action was one for breach of the agreement of the defendant to pay the plaintiff a certain sum each week, reimburse him for medical and hospital bills, and re-employ him when he was able again to work. The statute referred to did not apply, but the applicable provision would be that limiting to three years any cause of action upon an express contract or agreement not in writing or evidenced by some written note or memorandum signed by the party to be charged therewith or his agent. General Statutes, § 6010. See *Hickey* v. *Slattery*, 103 Conn. 716, 719, 131 Atl. 558. But that aside, the defense of the statute of limitations is to be raised by answer or in certain cases by demurrer and is not proper matter for a plea to the jurisdiction. *O'Connor* v. *Waterbury*, 69 Conn. 209, 210, 37 Atl. 499; *Hartford & C. W. R. Co.* v. *Montague*, 72 Conn. 687, 692, 45 Atl. 961; *Radezky* v. *Sargent & Co.*, 77 Conn. 110, 114, 58 Atl. 709; 37 C. J. p. 1216, § 720.

There is error, the judgment is set aside and the case remanded to be proceeded with according to law.