## ANNETTE BUNTEN, ADMX.
### (Estate of Ralph Bunten)
*vs.*
## J. EDWARD SLAVIN

| Superior Court | New Haven County | File No. 57161 |

MEMORANDUM FILED SEPTEMBER 19, 1939.

*John Henry Sheehan,* of New Haven, for the Plaintiff.

*FitzGerald, Foote & FitzGerald,* of New Haven, for the Defendant.

DICKENSON, J.   Under the admissions of the demurrer it appears that the plaintiff's decedent was committed to the county jail in the custody of the defendant sheriff; that while there he was mentally ill and unable to take care of himself as was known, or should have been known to the defendant; and that

notwithstanding this he was placed in a cell without attendance, set fire to his mattress on February 12, 1937, and received burns as a result of which he died February 14, 1937.. Further, that his injuries and death were caused by lack of proper attention and inspection, allowing the decedent to have matches, and failure to furnish adequate medical attention.

The defendant demurs upon the ground that the action is a death action which must be and is brought under the death statute (Gen. Stat. [1930] §5987) and that the action was not brought within the limitation of one year fixed by that statute.

In answer to this the plaintiff argues that the action is brought under section 2019 of the General Statutes, Revision of 1930, which provides that: "If any jailer shall do any wrong or injury to a prisoner in his custody, he shall pay treble damages to him. . . ." and be subject to fine; and that no limitation is fixed by this statute as to time of commencing suit.

Section 2019 of the General Statutes, Revision of 1930, is patently a penal statute. In addition to punitive damages it fixes a criminal penalty for its violation, and hence suit on it is barred by the last clause of section 6030 of the General Statute, Revision of 1930.

Incidentally, a suit on it is limited by section 6014 of the General Statutes, Revision of 1930, as to time of commencement.

Presumably, then, as the defense argues, the action comes under section 5987, for it is based upon injuries arising out of alleged wrongful or negligent conduct of the defendant resulting in death, and "falls within §5987." *Porpora vs. New Haven,* 122 Conn. 80.

That a demurrer is a proper method of attack in such a case seems established by *Radezky vs. Sargent & Co.,* 77 Conn. 110..

The demurrer is sustained on all grounds.