## FREDERICK T. BRADLEY ET AL., TRUSTEES
*vs.*
## WILLIAM T. BARNUM

| Superior Court | New Haven County | File No. 60553 |
|---|---|---|

MEMORANDUM FILED SEPTEMBER 17, 1941.

*Daggett & Hooker,* of New Haven, for the Plaintiffs.

*Bertrand B. Salzman,* of New Haven, for the Defendant.

DICKENSON, J. Paragraph 10 of the amended complaint contains an allegation of a promise by the defendant to pay a *pro rata* share of the trustees' expenses, which promise is "in addition to his covenants contained in said Exhibit A." Exhibit A attached to the amended complaint contains a covenant to hold the trustees harmless from any loss which they may sustain by reason of having signed the note in question, limited

to a *pro rata* share in any loss sustained by reason of the sale of the real estate and the application of the proceeds thereof to the payment of said note with interest and taxes and any and all assessments and other expenses incurred by the trustees in connection with the purchase and sale "of said land", in no event to exceed $2,000.

The covenant is predicated upon a sale of the real estate and a shortage after the application of the proceeds to the payment of the note and the other specified expenses. This cannot be the contract upon which the plaintiff now sues, for, as the defendant points out, it has not matured.

Again, no other contract may be implied, for in paragraph 10 the plaintiff sets up an express contract. *See Collins vs. Lewis,* 111 Conn. 299, 304.

The defendant assumes this contract to be oral and it appears to be treated as such by both parties in their briefs and is assumed to be oral by the court. It is alleged that this promise was made "on or about November 17, 1926", which was prior to the date of Exhibit A (December 30, 1927), and was carried out up to February 28, 1932, by payments of a *pro rata* share of the trustees' expenses by the defendant. It is admitted no payments have been made since then. The action was commenced in 1937.

It is held the contract set up is not an implied but an express contract and being oral and not within the exceptions, is limited in suit by section 6010 of the General Statutes, Revision of 1930. *See Jakiela vs. Ellison,* 114 Conn. 731, 732.

The demurrer to the third defense is overruled.