## BOLESLAW A. GRYBOSKI, ADMR.
### vs.
## ANGELO TOMASO ET AL.

Superior Court        Hartford County        File No. 59839

MEMORANDUM FILED OCTOBER 13, 1942.

*Warren Maxwell,* of Hartford, for the Plaintiff.

*Cyril Gaffney,* of New Britain, for the Defendant.

Memorandum of decision on demurrer to complaint.

O'SULLIVAN, J.  Expressed with considerable conciseness, the first count of the complaint alleges these facts: Sometime during 1937, the defendants, at the request of one Camp, dug on the latter's land a trench, 200 feet long and over four feet deep, for the purpose of draining an excess amount of water existing thereon.  Instead of accomplishing this purpose, the trench merely served as a means of impounding the water, and thus created a condition of unreasonable and dangerous risk

to youngsters who were known by the defendants to congregate and play on the Camp property. On March 23, 1938, the plaintiff's decedent, a boy of about four years of age, fell into the water-filled trench and was drowned. His death was due to the negligence of the defendants in creating the dangerous condition as well as in failing thereafter to take such steps as would remove the danger to children. The second count sets forth all of the foregoing and in addition thereto alleges that the death was caused by an absolute nuisance of the defendants' creation.

A demurrer has been addressed to each count on the ground that the action was not brought within the time limited by section 852d of the 1937 Supplement to the General Statutes. This provides that no action shall be brought to recover damages for death but within one year from the neglect or fault complained of. The record discloses that this action was instituted on January 9, 1939.

Although this proviso is usually thought of as a statute of limitations, it does not, in fact, possess the characteristics of a true one. It is a condition precedent to the actual ripening of a complete right of action, and being of such a nature, a demurrer may be employed to test the complaint (*Radezky vs. Sargent & Co.,* 77 Conn. 110; *DeMartino vs. Siemon,* 90 id. 527), while an answer is the proper method of raising the application of a statute of limitations. (Practice Book [1934] §104.)

The condition that section 852d requires is that the action be brought within one year from the date on which occurred the neglect or fault of which the plaintiff complains. If the present plaintiff relied solely on the alleged negligence of the defendants as demonstrated by the manner in which they dug the trench, the demurrer would be good, for under that assumption, more than one year had elapsed from the time of the act of negligence to the date suit was instituted. The complaint, however, alleges as one of the specifications of negligence the negative act of failing to remedy the condition. This amounts to the assertion that the negligence was a continuing one, existing to the very day on which the boy was drowned, and being an item of negligence complained of, the time within which the year would run began on the day of the boy's death.

The second count is based on the theory of an absolute nuisance. As adapted to the facts of this case, this was a continuing wrong even though its existence was due to acts which had been done months or years previous. The life of an act of negligence is limited to the time it takes to commit the act but the life of an absolute nuisance exists as long as the nuisance lasts. When one creates such a nuisance is of no moment. As long as it exists, each instant of its continuance makes its creator liable for the injuries it occasions.

Consequently, the neglect of which the plaintiff complains in the second count is the existence of the nuisance on the day of the boy's death and this day is the starting point from which to compute the year.

Accordingly, the demurrer to each count is overruled.