WILLIAM H. FETZER ET AL. *v.* MISCOE SPRING WATER
COMPANY ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued May 6—decided June 16, 1954

*George Miske,* for the appellants (plaintiffs).

*DeLancey S. Pelgrift,* with whom, on the brief, was *Robert E. Cohn,* for the appellees (defendants).

WYNNE, J. This is an appeal from a judgment of the Superior Court sustaining a plea in abatement and dismissing an action brought by the plaintiffs.

The record discloses the following situation: By an action returnable in October, 1950, the present plaintiffs sued for damages for personal injuries

arising out of an accident in September, 1950. They are father and minor child. The action was on the trial list in the Superior Court for Hartford County. It had not been reached for assignment when, in April, 1953, at the annual call of the docket, it was stricken because of the plaintiffs' failure to file a request for a continuance. In October, 1953, a motion to restore to the docket was denied and the present action was brought, based on the same cause. The defendants pleaded in abatement to the new action on two grounds. They alleged that the bringing of the new action was an attempt to restore the action which had been dismissed and that the cause of action stated in the complaint did not accrue within one year next before the commencement of the action. The trial court correctly concluded that the allegation that the cause of action did not accrue within one year prior to the institution of the suit was not ground for abatement, pointing out that such an issue could be raised only by demurrer or answer. *Jakiela* v. *Ellison,* 114 Conn. 731, 732, 159 A. 657. The plea was sustained solely on the other ground.

The basis of that ground was that the files of the court made it apparent that the present action was an attempt to circumvent the court in the dismissal of the first action. The bringing of the present action was not an attempted restoration of the former suit. That former suit, without question, had gone to final judgment, although not upon the merits. *Glazer* v. *Rosoff,* 120 Conn. 120, 122, 179 A. 407. The present suit was a new action commenced by a new writ. Except for the fact that it alleged the same cause of action, it was separate and distinct from the former suit. The trial court had jurisdiction of the subject matter of the present action. It obtained

jurisdiction of the defendants by the service upon them of the writ and complaint. The plea obviously was not grounded upon the claim of another action pending. It does not appear to have been based on a claim that the plaintiffs' cause of action was res adjudicata. See *Bridgeport Hydraulic Co.* v. *Pearson,* 139 Conn. 186, 196, 91 A.2d 778. And even though it had been, the issue of res adjudicata may not be raised by a plea in abatement. The grounds alleged in the plea were not sufficient to warrant the sustaining of it.

There is error, the judgment is set aside and the case is remanded with direction to overrule the plea in abatement.

In this opinion the other judges concurred.