KURTIS E. LOREN ET AL. *v.* PHOTO REFLEX STUDIOS OF CONNECTICUT, INC., ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 14-6410-13280

Argued January 17—decided April 1, 1966

*Edward C. Wynne,* of Glastonbury, for the appellants (plaintiffs).

*William J. Luby,* of Hartford, for the appellees (defendants).

LEVINE, J. The named plaintiff, a minor, and his father brought this action to recover for personal injuries in two counts, alleging a dangerous hazard and nuisance and seeking recovery for the personal injuries of the minor, in one count, and for the hospital and medical expenses incurred by the father, in the second count. The defendants denied both counts and filed a special defense of the Statute of Limitations. Thereafter, the plaintiffs filed an amended complaint, again in two counts, alleging "breach of warranty to take the photograph of the minor plaintiff in a safe manner using procedures and equipment meeting minimum safety standards for photographic studies in the area." The defendants answered the amended complaint by denying the allegations of both counts and by filing a special defense of the Statute of Limitations of one year. The plaintiffs demurred to this special defense, alleging that the complaint was not governed by the one-year statute. The demurrer was overruled, and judgment was rendered for the defendants when the plaintiffs refused to plead further to the special defense. The plaintiffs' appeal assigns as error the overruling of their demurrer and the court's failure to apply the three-year Statute of Limitations.

The defense of the Statute of Limitations may be raised only by demurrer or answer. *Fetzer* v. *Miscoe Spring Water Co.,* 141 Conn. 364, 365; *Jakiela* v. *Ellison,* 114 Conn. 731, 732. In passing upon a demurrer, the court looks only to it and to the allegations of the pleading demurred to. *Santoro* v. *Kleinberger,* 115 Conn. 631, 633; *Tomes* v. *Thompson,* 112 Conn. 190, 198; Maltbie, Conn. App. Proc. § 65. The special defense alleged that the

plaintiffs' claim was barred by the Statute of Limitations because the accident occurred on or before September 1, 1962, and the present action was commenced October 15, 1964. The demurrer alleged that the cause of action was not governed by the one-year Statute of Limitations. For the purpose of a demurrer, an appellate court, in considering the allegations of the pleadings, "must give to them the same favorable construction that a trier might deem itself required to give in admitting evidence under them to prove a cause of action." *Rutt* v. *Roche,* 138 Conn. 605, 609; *Wildman* v. *Wildman,* 72 Conn. 262, 270.

Although the amended complaint alleged breach of warranty and therefore sounded in contract, it was difficult to determine in advance what trend the evidence would take, whether the plaintiffs could prove a warranty as they alleged, or whether the facts would disclose a tort action. Upon trial of the issues, if a warranty was proved, then this special defense would have no effect; if, on the other hand, a tort action was disclosed by the facts, then the special defense of the one-year Statute of Limitations would be effective. To sustain the demurrer of the plaintiffs to the special defense might have the effect of depriving the defendants of a defense on the facts which might be disclosed at the trial. On the other hand, if the plaintiffs proved a warranty, the special defense would not affect their claim. *Carabetta* v. *Meriden,* 145 Conn. 338, 342.

The effect of this decision under our civil procedure is to leave in full force and effect the judgment for the defendants rendered by the trial court. The appeal lies from the final judgment of the trial court for the defendants, and the overruling of the demurrer is the error assigned. Upon our finding

674

of no error, the trial court's judgment for the defendants becomes final. *Stamford Dock & Realty Corporation* v. *Stamford,* 124 Conn. 341, 342 n.

There is no error.

In this opinion KOSICKI and KINMONTH, Js., concurred.