[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO DISMISS
The defendants have moved to dismiss the complaint because the court lacks subject-matter jurisdiction.
The basis of the motion is that the claims contained in the plaintiff's complaint are barred by the principal of res judicata because of a previous dismissal of these same claims in the U.S. District Court for failure to respond to a motion to dismiss by filing an opposing memorandum. The defendants assert that the Federal Court dismissal was a judgment on the merits.
The defendants have cited several cases such as Southport Manor Convalescent Center, Inc. v. Foley, 20 Conn. App. 223
(1989), for the proposition that failure to file an opposing memorandum to a motion to dismiss will result in a consent judgment to the same effect as if the case had been tried on its merits and therefore, would create a proper res judicata defense. The defendants claim a similar rule is applicable in Federal actions.
The plaintiff claims the cited cases applied Practice Book Section 143 before the 1989 deletion of the sentence: "An adverse party who fails to file such a memorandum pursuant to this section shall be deemed by the Court to have consented to the granting of the motion". It is his claim that these cases are no longer precedential.
Plaintiff's basic claim is that the defense of res judicata does not affect the Court's subject matter jurisdiction and cannot be raised by a motion to dismiss.
Although it appears that the Appellate Courts have received and decided some cases in which a motion to dismiss was granted by the trial court on a claim of res judicata, the question of correct procedure did not appear to have been addressed.
It is this Court's opinion that the rules of practice and the Supreme Court's direction clearly indicate that the issue should be raised in pre-trial not by a motion to dismiss but by a motion for summary judgment.
 "The trial court dismissed the present action on the ground that the court's dismissal of the plaintiff's earlier 1983 action on jurisdictional grounds was res judicata. Although the trial court may well CT Page 3720 have been correct on the merits of its res judicata analysis; see 1 Restatement (Second) Judgments 12, comment c; there is a procedural wrinkle which makes it necessary for us to rest our decision on other grounds. A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court. Practice Book 142. The grounds which may be asserted in this motion are; (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process. Practice Book 143. Res judicata is not included among the permissible grounds on which to base a motion to dismiss. Res judicata with respect to a jurisdictional issue does not itself raise a jurisdictional question. It merely alleges that the court has previously decided a jurisdictional question and therefore must be asserted as a special defense. Practice Book 164. It may not be raised by a motion to dismiss. Salem Park, Inc. v. Salem, 149 Conn. 141, 144, 176 A.2d 571 (1961); Fetzer v. Miscoe Spring Water Co., 141 Conn. 364, 366, 106 A.2d 149 (1954). Of course, there is no reason why, in an appropriate case, once the defense of res judicata has been raised the issue may not be resolved by way of summary judgment. Jensen v. Nationwide Mutual Ins. Co., 158 Conn. 251, 259, 259 A.2d 598
(1969)."
Zizka v. Water Pollution Control Authority, 195 Conn. 682,688-89 (1985).
Because the issue of the effect of a res judicata claim is not properly raised by such a motion, the defendants' motion to. dismiss is denied.
NIGRO, JUDGE