[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS MOTION TO DISMISS FACTS
The plaintiff, Joan A. Kinney, individually, as executrix of the estate of Frank J. Kinney, Jr., as surviving spouse of Frank J. Kinney, Jr., and as parent and next friend of John Kinney and Nancy Kinney, filed a two count complaint against the defendants, Connecticut Judicial Department, William Curry, Comptroller of the State of Connecticut, Francisco Borges, Treasurer of the State of Connecticut, Ellen Peters, Chief Justice of the Connecticut Supreme Court, and Aaron Ment, Chief court Administrator of the Connecticut Judicial Department, seeking to recover monetary damages for interfering with implied contractual rights in violation of Article I, Section 10, theFifth Amendment, and the Fourteenth Amendment of the United States Constitution (First Count); in violation of Article One, Section 8 of the Connecticut Constitution (First Count); and for depriving the plaintiff of property rights without due process of law in violation of 42 U.S.C. § 1983 (Second Count).
In the First Count, the plaintiff alleges that her husband, Frank J. Kinney, Jr., was a superior court judge from 1972 until his death in 1986, that his death resulted from overwork as a judge, and that his death therefore arose out of and in the course of his contract of employment with the State. The plaintiff alleges that the State is an "employer" pursuant to General Statutes 31-275(6), that her husband was employed by the CT Page 11766 State, and that she filed a claim for workers' compensation benefits which were awarded to her by a compensation commissioner after a contested hearing. The plaintiff further alleges that when Judge Kinney died, the State of Connecticut, "in consideration of those services rendered by Judge Kinney, became obligated, by a perfect implied contract, to pay . . . the [workers' compensation] benefits." (Complaint, First Count, par. 16). The plaintiff alleges that she had a vested right to receive the benefits, and that when the defendants denied the plaintiff the benefits, they "interfered with the perfect implied contractual rights" of the plaintiff in violation of Article I, Section 10, and the Fifth and Fourteenth Amendments, of the United States Constitution, as well as Article One, Section 8 of the Connecticut Constitution. (Complaint, First Count, Par. 19). In the Second Count, the plaintiff incorporates all of the allegations of the First Count, and further alleges that "As a further result of the actions of the defendants acting under color of state law, [defendants] have wrongfully deprived the plaintiffs of property rights in violation of U.S.C. Title 42-1983 without due process of law." (Complaint, Second Count, Par. 20). In her prayer for relief, the plaintiff seeks only "[t]he remedy of money damages."
On December 23, 1991, the defendants filed a Motion to Dismiss the Complaint on the ground that the court lacks subject matter jurisdiction in that the plaintiff's action is barred by the doctrines of res judicata and collateral estoppel, and further that the plaintiff's action is barred by the doctrine of sovereign immunity. The defendants filed a memorandum of law in support of their motion.
On October 29, 1992, the plaintiff filed a memorandum of law in opposition to the defendants' Motion to Dismiss. On November 24, 1992, the defendants filed a supplemental memorandum of law in support of their motion to dismiss.
DISCUSSION
A motion to dismiss is the proper vehicle for challenging the subject matter jurisdiction of the court. Practice Book 143. Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. Gurliacci v. Mayer, 218 Conn. 531,542, 590 A.2d 914 (1991). Whenever the absence of subject matter jurisdiction is brought to the notice of the court, CT Page 11767 cognizance of it must be taken and the matter passed upon before it can move one step further in the cause; as any movement is necessarily the exercise of jurisdiction. Baldwin Piano and Organ Co. v. Blake, 186 Conn. 295, 297, 441 A.2d 183 (1982).
If a motion to dismiss does not seek to introduce facts outside of the record, it admits all facts well pleaded. Duguay v. Hopkins, 191 Conn. 222, 227, 464 A.2d 45 (1983). The complaint is construed most favorably to the plaintiff. American Laundry Machinery, Inc. v. State, 190 Conn. 212, 217,459 A.2d 1031 (1983).
The defendants first argue that the plaintiff's action is barred by the doctrine of res judicata and collateral estoppel because the plaintiff has already litigated and lost her claim that her husband was an "employee" pursuant to the terms of the workers' compensation act, and never raised her constitutional claims at that time. See Kinney v. State, 213 Conn. 54,566 A.2d 670 (1989), cert. denied, 111 S.Ct. 251 (1990). However, a motion to dismiss is not the proper vehicle for raising claims of res judicata and collateral estoppel.
 Res judicata is not included among the permissible grounds on which to base a motion to dismiss. Res judicata with respect to a jurisdictional issue does not itself raise a jurisdictional question. It merely alleges that the court has previously decided a jurisdictional question and therefore must be asserted as a special defense. Practice Book 164. It may not be raised by a motion to dismiss. Salem Park, Inc. v. Salem, 149 Conn. 141, 144, 176 A.2d 571 (1961); Fetzer v. Miscoe Spring Water Co., 141 Conn. 364, 366, 106 A.2d 149 (1954). of course, there is no reason why, in an appropriate case, once the defense of res judicata has been raised the issue may not be resolved by way of summary judgment. Jensen v. Nationwide Mutual Ins. Co., 158 Conn. 251, 259, 259 A.2d 598 (1969).
Ziska v. Water Pollution Control Authority, 195 Conn. 682, 687, CT Page 11768490 A.2d 509 (1985). Accordingly, the defendants' Motion To Dismiss should not be granted on the ground that the plaintiff's action is barred by the doctrines of res judicata or collateral estoppel.
The defendants also argue that the plaintiff's action is barred by the doctrine of sovereign immunity in that the plaintiff fails to allege anywhere in her complaint that the state has, pursuant to statute, consented to a suit for monetary damages. See General Statutes 4-141 through 4-165b. The plaintiff argues that the court has jurisdiction to hear claims of constitutional magnitude.
The defense of sovereign immunity may be raised in a motion to dismiss an action against the state. Duguay v. Hopkins, supra; see Barde v. Board of Trustees, 207 Conn. 59,539 A.2d 1000 (1988).
Because the state can act only through its officers and agents, a suit against a state officer concerning a matter in which the officer represents the state is, in effect, against the state. Sentner v. Board of Trustees, 184 Conn. 339, 342,439 A.2d 1033 (1981); see Doe v. Heintz, 204 Conn. 17, 31,526 A.2d 1318 (1987). The courts have long recognized the common law principle that the state cannot be sued without its consent. Krozser v. New Haven, 212 Conn. 415, 420, 562 A.2d 1080 (1989), cert. denied, 493 U.S. 1036 (1990); see Horton v. Meskill,172 Conn. 615, 623, 376 A.2d 359 (1977). "This absolute bar of actions against the state has been greatly modified both by statutes effectively consenting to suit in some instances as well as by judicial decisions in others." Doe v. Heintz, supra; see Krozser v. New Haven, supra, 420-21.
"In a constitutional democracy sovereign immunity must relax its bar when suits against the government complain of unconstitutional acts." Sentner v. Board of Trustees, supra, 343; see Barde v. Board of Trustees, supra, 64. "The allegations of such a complaint and the factual underpinnings if placed in issue, must clearly demonstrate an incursion upon constitutionally protected interests." (Citations omitted.) Barde v. Board of Trustees, supra. Sovereign immunity also does not bar suits against state officials acting in excess of their statutory authority or pursuant to an unconstitutional statute. Doe v. Heintz, supra, citing Horton v. Meskill, supra, 624. CT Page 11769
In addition, the state cannot use sovereign immunity as a defense in an action for declaratory or injunctive relief. Krozser v. New Haven, supra, 421; Doe v. Heintz, supra. The supreme court has "excepted declaratory and injunctive relief from the sovereign immunity doctrine on the ground that a court may fashion these remedies in such a manner as to minimize disruption of government and to afford an opportunity for voluntary compliance with the judgment." Doe v. Heintz, supra, citing Sentner v. Board of Trustees, supra, 344-45.
However, "[i]n the absence of legislative authority . . . [the Connecticut Supreme Court] declined to permit any monetary award against the state or its officials." (Citations omitted.) Doe v. Heintz, supra, 34; see Krozser v. New Haven, supra.
 "When sovereign immunity has not been waived, the claims commissioner is authorized by statute to hear monetary claims against the state and determine whether the claimant has a cognizable claim. See General Statutes 4-141 through 4-165b. The claims commissioner, if he deems it "just and equitable," may sanction suit against the state on any claim "which, in his opinion, presents an issue of law or fact under which the state, were it a private person, could be liable." General Statutes 4-160(a). "This legislation expressly bars suits upon claims cognizable by the claims commissioner except as he may authorize, an indication of the legislative determination to preserve sovereign immunity as a defense to monetary claims against the state not sanctioned by the commissioner or other statutory provision. General Statutes 4-148(b), 4-160." Doe v. Heintz, supra, 35-36."
Krozser v. New Haven, supra, 421. "The Superior Court, therefore, has no authority to hear a claim for monetary damages against the state when the doctrine of sovereign immunity is applicable. That jurisdiction, in the first instance, resides by statute solely in the claims commissioner." (Footnote omitted.) Krozser v. New Haven, supra, 424. Thus, the claims commissioner may waive the state's sovereign immunity, pursuant to General Statutes 4-160(a), and consent to suit. Id., 423. However, until that happens, "the Superior Court has no jurisdiction to hear any such monetary claim." Id. Even where CT Page 11770 a plaintiff alleges constitutional violations, if the plaintiff seeks monetary redress for such alleged violations, the permission of the claims commissioner must first be obtained before bringing an action against the state. See Doe v. Heintz, supra, 34.
The plaintiff's Complaint is devoid of any allegations which would show that the state has statutorily waived its sovereign immunity, see Krozser v. New Haven, supra 422, or which would indicate that the plaintiff has presented her claim to the claims commissioner and obtained permission to bring this action in accordance with General Statutes 4-141
through 4-165b. Accordingly, in the absence of any allegations of a waiver of sovereign immunity or that the state has consented to suit, the Complaint, construed most favorably to the plaintiff, is barred by the doctrine of sovereign immunity.
It should also be noted that in the Second Count of her Complaint, the plaintiff seeks monetary damages for the defendants' alleged violation of 42 U.S.C. § 1983. The supreme court has expressly held that section 1983 "does not abrogate the common law doctrine of sovereign immunity." Krozser v. New Haven, supra, 422. Accordingly, with respect to her section 1983 claim, the plaintiff must also allege facts showing that she first obtained the consent of the claims commissioner prior to bringing her section 1983 action in the state court. See id., 423.
The defendants also asserted other arguments in support of their Motion to Dismiss, addressed to the issue of whether the plaintiff's allegations are sufficient to state claims of constitutional violations. However, because the defendants' Motion to Dismiss should be granted on the ground that the defendants are immune from suit for the reasons discussed above, the court need not address the remainer of the parties' arguments.
CONCLUSION
The defendants' Motion to Dismiss is granted on the ground that the plaintiff's action for monetary damages is barred by the doctrine of sovereign immunity.
Richard A. Walsh, J. CT Page 11771