[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
This case has a complex procedural history.[1] In December, 1986, the plaintiff, Matthews Group, Inc., mortgagor, entered into a mortgage agreement with the defendant, Essex Savings Bank, mortgagee, concerning real property known as the "Boxwood" property, located on Lyme Street in Old Lyme, Connecticut. Subsequently, the plaintiff defaulted on the note.
On April 3, 1990, Essex Savings Bank brought an action for strict foreclosure against the plaintiff. On April 30, 1990, the plaintiff entered into an option contract with the defendant to repurchase the Boxwood property with the understanding that the plaintiff would waive any defenses to the strict foreclosure action. The option agreement provided that the plaintiff could act on the agreement to repurchase the Boxwood Property within six months after the filing of the certificate of foreclosure with the closing to occur within thirty days after the plaintiff's election to exercise its option during the option period. The agreement also provided that the defendant would provide the requisite financing to the plaintiff. On July 27, 1990, a judgment for strict foreclosure was entered. On August 30, 1990, the certificate of foreclosure was filed which began the running of the six month option period.
On February 23, 1991, the plaintiff communicated by letter to the defendant that it was exercising its option. On March 26, 1991, the defendant prepared and signed the repurchase agreement. The plaintiff objected to the repurchase agreement's non-refundable origination fee of $19,000.00. The closing did not take place by March 27, 1991, the deadline set in the option agreement.
On September 3, 1992, the plaintiff filed a two count complaint against the defendant. In the first count, the plaintiff alleges that the defendant violated the provisions of General Statutes Sec. 42-110a, et seq., CUTPA. In CT Page 2626 the second count, the plaintiff seeks specific performance of the option agreement. The plaintiff also requests injunctive and monetary relief from the court. On August 18, 1992, the plaintiff filed its lis pendens. On September 11, 1992, the defendant filed its application for discharge of the plaintiff's lis pendens.
On December 3, 1992, the defendant timely filed the present motion to strike with supporting memorandum of law. The defendant argues that the allegations in the plaintiff's complaint are legally insufficient on the ground that: (1) CUTPA does not apply to banks; (2) the plaintiff's claim for specific performance is barred by the statute of limitations, pursuant to General Statutes Sec. 47-33a(a), and the doctrine of res judicata; and (3) the plaintiff failed to allege that it may suffer irreparable harm and a lack of an adequate remedy at law in its request for injunctive relief.
The plaintiff failed to file an opposing memorandum of law as required by Practice Book Sec. 155. However, on March 1, 1993, the plaintiff filed a memorandum in opposition to the defendant's motion to strike in which it argues that: (1) CUTPA does apply to banks; (2) the plaintiff's claim for specific performance is not barred by the statute of limitations, pursuant to General Statutes Sec. 47-33a(a); and (3) that the plaintiff is not required to allege that it may suffer irreparable harm and a lack of an adequate remedy at law in requesting injunctive relief.
On January 11, 1993, the defendant's motion to strike was argued before the court (Higgins, J.) at which time the defendant objected to the plaintiff's failure to comply with the mandatory provision of the Practice Book Sec. 155.
 A motion to strike challenges the legal sufficiency of a pleading . . . [I]t admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. . . . The allegations of the pleadings involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations CT Page 2627 would support a defense or a cause of action, the motion to strike must fail. (Citations omitted.)
Mingachos v. CBS, Inc., 196 Conn. 91, 108-109, 491 A.2d 368
(1985). Further, the court must construe the facts alleged in the pleadings most favorably to the pleader. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988). Practice Book Sec. 152 provides in relevant part that "[w]henever any party wishes to contest . . . the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or any one or more counts thereof, to state a claim upon which relief can be granted, or . . . the legal sufficiency of any prayer of relief . . ., that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book Sec. 155 requires that "[e]ach motion to strike . . . be accompanied by an appropriate memorandum of law citing the legal authorities upon which the motion relies." Practice Book Sec. 155 also states that "[i]f an adverse party objects to this motion he shall . . . file and serve in accordance with Sec. 120 a memorandum of law." Id. The failure to file a timely opposing memorandum of law will not necessarily be fatal. Pepe v. New Britain, 203 Conn. 281,287-288, 524 A.2d 629 (1987) (where the Connecticut Supreme Court held that the failure to file a timely opposing memorandum could be excused at the discretion of the trial court if the moving party fails to raise an objection). "Although a timely opposing memorandum is required, the failure to so file can be [excused] by the trial court. See Southport Manor Convalescent Center, Inc. v. Foley, 20 Conn. App. 223, 226
(1990)." Fitzpatrick v. East Hartford B.P.O. Elks, 3 CTLR 209, 210 (January 25, 1991, Clark, J.).
Pursuant to Practice Book Sec. 155, filing of an opposing memorandum of law, at least five days before the motion to strike is to be argued at short calendar, is mandatory. The court has the discretion to address the merits of the motion despite the late filing of an opposing memorandum of law if the moving party fails to raise an objection to the opposing party's failure to comply with the Practice Book. See Pepe, supra. However, if a formal objection is filed, before the underlying motion to strike is argued at short calendar, the court is required to rule on the objection, and the court then lacks discretion to proceed to consideration of the merits of the motion. See id; see also Connolly v. CT Page 2628 Connolly, 191 Conn. 468, 475, 464 A.2d 837 (1983) (where the court states that "[o]ur rules of practice require that every motion directed toward pleading or procedure . . . be in writing."); Practice Book Sec. 196.
In the present case, the plaintiff failed to file a timely opposing memorandum of law as required by Practice Book Sec. 155. On January 11, 1993, the defendant raised an objection concerning the plaintiff's failure to comply with the mandatory provisions of the Practice Book Sec. 155 at oral argument at short calendar. In the present case the plaintiff's deadline for filing an opposing memorandum of law was January 6, 1993, five days before the matter was to be heard at short calendar. Although the court's receipt of the plaintiff's opposing memorandum of law, on March 1, 1993, did not correct its failure to comply with the Practice Book requirements, it is within the discretion of the court to entertain the merits of the motion to strike because the defendant did not file a written objection on which the court must rule.
General Statutes Sec. 42-110a provides that ". . . no person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes Sec. 42-110b(a). In the present case, count I of the plaintiff's complaint alleges a CUTPA violation by the defendant bank. Whether mortgage agreements and other property related transactions constitutes conduct of trade commerce, within the usage and meaning of CUTPA, is unsettled by the Connecticut courts. The issue of whether CUTPA applies to banks has not been addressed by a Connecticut appellate court. Gaynor v. Union Trust Co.,216 Conn. 458, 582 A.2d 190 (1990); Peterson v. People's Bank, 1 CTLR 73, 75 (December 5, 1989, Freed, J.).
A split of authority exists at the superior court level as to whether CUTPA applies to banks and other lending institutions. See TIE/Communications, Inc. v. Kopp, Middlesex Judicial District, D.N. 64938, (August 18, 1992, Higgins, J.) (where the court recognized that CUTPA does not apply to securities transactions); Andrus v. Maloney, 5 CTLR 313, 314 (December 9, 1991, Maiocco, J.) (where the court held that CUTPA does not apply to banks nor its officers or employees); Bristol Savings Bank v. Sattler, 4 CSCR 351 (March 29, 1989, Aronson, J.) (where the court held that the argument against CUTPA applying to banks is essentially that the Federal Trade CT Page 2629 Commission Act (FTCA), 15 U.S.C. § 45(a)(1), which is the basic for CUTPA, explicitly exempts banks from its application); People's Bank v. Horesco, 1 CSCR 62 (January 22, 1986, Jacobson, J.). aff'd. on other grounds, 205 Conn. 319 (1987) (where the superior court held that CUTPA does not apply to banks); Bridgeforth v. Fleet Bank of Connecticut, 7 CTLR 27 (June 29, 1992, Hadden, J.) (where the court held that since banks are already subject to pervasive federal and state regulations, the provisions of CUTPA do not apply to banks and banking transactions); but cf. People's Bank v. Smulley, 7 CTLR 607 (November 20, 1992, Leheny, J.) (where the court held that banks are subject to CUTPA with respect to credit card transactions); Connecticut National Bank v. Anderson, 5 CTLR 60, 62 (October 1, 1991, Pickett, J.) (where the court held that CUTPA applied to banks); Faitella v. North Atlantic Planning Corp., 5 CTLR 431 (January 6, 1992, Byrne, J.) (where the court in holding that CUTPA applied to banks stated that ". . . the Legislature could have specifically exempted banks from CUTPA if such an exemption had been intended."); Eylward v. Bank of Boston Connecticut, 4 CTLR 504 (August 26, 1991, Burns, J.) (where the court in holding that CUTPA applied to banks stated that ". . . the burden of proving an exemption from CUTPA . . . is on the party claiming the exemption."); Economic Development Associates v. Cititrust. 6 CSCR 400 (March 27, 1991, Dranginis, J.) (where the court held that when a bank is engaged in consumer-orientated activities, CUTPA should apply).[2]
The legislature did not intend to have CUTPA's application extended to banking and other non-consumer related transactions, such as mortgage and land purchase agreements.
Therefore, the court grants the defendant's motion to strike count I of the plaintiff's complaint because the allegations of the plaintiff's CUTPA claim are legally insufficient to support the cause of action.
In the present case, the defendant argues that the statute of limitations, under General Statutes Sec. 47-33a(a), and the doctrine of res adjudicata bars the plaintiff's present action seeking specific performance on the option agreement for the repurchase of real property.[3]
Practice Book Sec. 164 provides in relevant part that "the statute of limitations and res judicata must be CT Page 2630 specially pleaded [as special defenses]." Practice Book Sec. 164; see Mac's Car City, Inc. v. DeNigris, 18 Conn. App. 525,528, 559 A.2d 712 (1989), cert. denied, 212 Conn. 807,563 A.2d 1356 (1989). In the present case, the defendant is attempting to raise these special defenses as a test of the legal sufficiency of the plaintiff's claim for specific performance. This would require the court to look beyond the pleadings in determining the legal sufficiency of the plaintiff's claim which is prohibited under Connecticut practice. Morrisette v. Archambault, 31 Conn. Sup. 302, 303,329 A.2d 622 (1974). However, the court in Morrisette provides exceptions in which a court will address the statute of limitations defense on a motion to strike. Id. The court in Morrisette provides that
 When the parties agree that the complaint contains all the pertinent facts, the issue may be raised by [a motion to strike]. Vilcinskas v. Sears, Roebuck 
Co., 144 Conn. 170. A [motion to strike] is also the proper device to raise the issue when the plaintiff anticipates the Statute of Limitations and endeavors to overcome its effect by appropriate allegations in the complaint. Radezky v. Sargent Co., 77 Conn. 110.
Id.
The present complaint does not contain all the pertinent facts to support the defendant's argument that the plaintiff's action for specific performance is barred by the special defenses of the statute of limitations and res judicata. Further, the plaintiff's complaint does not anticipate the defendant's special defenses.
Therefore, the defendant's motion to strike count II of the plaintiff's complaint seeking specific performance is denied by the court on the ground that the statute of limitations and the doctrine of res judicata should be pleaded as special defenses, pursuant to Practice Book Sec. 164, and not as devices to challenge the legal sufficiency of the plaintiff's claim for specific performance.
"`A party seeking injunctive relief has the burden CT Page 2631 of alleging and proving irreparable harm and a lack of an adequate remedy at law.'" Hartford v. American Arbitration Assn., 174 Conn. 472, 476, 391 A.2d 137 (1978).
In the present case, the plaintiff has failed to allege irreparable harm and a lack of an adequate remedy at law. In count I, paragraph 16(d), of the plaintiff's complaint, it states "[a]s and for its remedy, the plaintiff demands the following: d) Injunctive relief prohibiting the defendant from conveying Boxwood to any other person or entity and requiring it to convey Boxwood to the plaintiff pursuant to the option agreement." No other allegations are made concerning irreparable harm or a lack of an adequate remedy at law.
The court grants the defendant's motion to strike plaintiff's request for injunctive relief under count because the facts pleaded in support of the relief sought are legally insufficient on the ground that the plaintiff has failed to allege that it may suffer irreparable harm and that there is a lack of an adequate remedy at law.
It is so ordered.
HIGGINS, J.