[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (MOTION TO STRIKE)
The defendant has filed a motion to strike all five counts of the plaintiffs revised complaint dated August 4, 2000. The defendant argues that the revised complaint is legally insufficient because each count is barred by specific statutes of limitations. The defendant claims that Counts I and II sounding in negligence are barred by General Statutes § 52-584. Count III is claimed to be barred by the limitation of actions regarding torts as set forth in General Statutes § 52-577. Count III is barred by General Statutes § 52-577c, and Count V is barred by the six year statute of limitations regarding contracts, as set forth in General Statutes § 52-576.
 I
CT Page 8660
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). A motion to strike shall be granted if "the plaintiffs complaint [does not] sufficiently [state] a cognizable cause of action as a matter of law." Mora v. Aetna Lfe and Casualty Ins. Co.,13 Conn. App. 208, 211, 535 A.2d 390 (1988). A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings" (Emphasis omitted.) Id. "A motion to strike is properly granted where a plaintiffs complaint alleges legal conclusions unsupported by facts." Id. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988). A motion to strike "is to be tested by the allegations of the pleading demurred to, which cannot be enlarged by the assumption of any fact not therein alleged." (Internal quotation marks and citations omitted.) Alarm Applications Co. v. Simsbury Volunteer FireCo., 179 Conn. 541-50, 427 A.2d 822 (1980).
Upon deciding a motion to strike, the trial court must construe the "plaintiffs complaint in [a] manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465, 471, 594 A.2d 1
(1991). "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., 196 Conn. 91, 108-09,491 A.2d 368 (1985). However, if the plaintiff has alleged mere conclusions of law unsupported by the requisite facts, the motion to strike should be granted. Cavallo v. Derby Savings Bank, 188 Conn. 281,285, 449 A.2d 986 (1982).
Ordinarily a claim that an action is barred by the lapse of the statute of limitations must be pleaded as a special defense and not raised by a motion to strike. Practice Book § 10-50, Mac's Car City, Inc. v.DiNigris, 18 Conn. App. 525, 528, 559 A.2d 712 (1989). The use of a motion to strike to raise the defense of the statute of limitations is allowed when the parties agree that the complaint sets forth all the facts pertinent to the question whether the action is barred by the statute of limitations. Vilcinskas v. Sears, Roebuck Co., 144 Conn. 170,171-72, 127 A.2d 814 (1956); Radezky v. Sargent Co., 77 Conn. 110,114, 58 A. 709 (1904); O'Connor v. Waterbury, 69 Conn. 206, 210, 37 A. 499
(1897).
 II
CT Page 8661
The plaintiff has commenced this action against the defendant for the defendant's failure to detect an oil leak and for supplying oil which then leaked into the subsurface of the property owned by the plaintiff. The oil leak caused the plaintiffs house to become uninhabitable for a period of time and contaminated the plaintiffs property. The plaintiff was required by the State Department of Environmental Protection to clean the site and to monitor it for a period of time. The plaintiff had complained to the defendant about the smell of oil on or around November, 1993. The defendant at that time inspected the plaintiffs property and determined that there was no leak. The defendant then on a continual basis filled the plaintiffs oil tank. The plaintiff was unaware that oil continued to leak into the subsurface of his property. Subsequently, the parties agree that the defendant ultimately discovered the leak on February 9, 1994. The defendant argues, therefore that any relevant statutes of limitation should run from this date, and therefore the plaintiffs action, which was served on the defendant on February 9, 2000 is barred.
The plaintiff argues that the statutes of limitation normally begin to run immediately upon the accrual of the cause of action, but difficulty may arise in determining when the cause of right of action is considered as having accrued. The true test is to establish the time when the plaintiff first could have successfully maintained his action. Englemanv. Connecticut General Life Insurance Co. 240 Conn. 287, 690 A.2d 882
(1997). The plaintiff contends that in the instant case evidence would be required to determine if, in fact, the plaintiff did or did not commence his action within the relevant statutes of limitation. The plaintiff states that he was not harmed until he knew the effects of the defendant's actions when the Department of Environmental Protection took enforcement action against him causing the plaintiff to sustain damages. The damages were not assessed by the Department of Environmental Protection until October, 1999. It is the plaintiffs position that it will require testimony and evidence to determine when the plaintiffs cause of action accrued. The plaintiff concedes that the defendant may plead the various statutes of limitation regarding negligence actions (counts I and II), tort actions (count III) pollution actions (count IV) and breach of contract actions (count V) as special defenses. However, the plaintiffs position is that it is improper to raise the statute of limitations defense by a motion to strike where the parties do not agree that the complaint sets forth all the facts pertinent to the question of whether the action is barred by the relevant statutes of limitation.
The court agrees that upon a review of the revised complaint it is apparent that all the necessary facts are not set forth therein, to allow the court to determine whether the action consisting of five counts would be barred by the statute of limitations. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." CT Page 8662Gordon v. Bridgeport Housing Authority, supra, 170. Testimony and evidence would be required. Therefore the motion to strike is improper to raise the limitation of action question. It is more properly pleaded as a defense.
Accordingly, the motion to strike counts I through V of the plaintiffs revised complaint is hereby denied.
The Court
 by ___________________ Arnold, J.