PATRICIA MORRISETTE, ADMINISTRATRIX *v.*
HENRY A. ARCHAMBAULT ET AL.

SUPERIOR COURT    NEW LONDON COUNTY    FILE NO. 043385

Memorandum filed August 19, 1974

*M. Paul Mikolitch,* of Mystic, and *Jacobs, Jacobs & Grudberg,* of New Haven, for the plaintiff.

*Cotter, Cotter & Sohon,* of Bridgeport, and *Day, Berry & Howard,* of Hartford, for the defendants.

SANTANIELLO, J. In this matter, the plaintiff alleges that the defendants, as physicians, performed a surgical operation on the plaintiff's decedent in December of 1969 and, thereafter, the decedent died on January 10, 1970. This particular action was commenced on January 11, 1974, by service upon the two defendants. A prior suit was instituted and returnable to the Superior Court in New London County on the first Tuesday of January, 1972. The prior writ, summons and complaint were served on the defendants on November 26, 1971. Insofar as that original suit involves the two defendants, it makes the same claims as are made in this particular suit.

The plaintiff's amended complaint alleges that the court records show that a judgment of nonsuit was entered in the prior action in favor of the defendant Henry A. Archambault on November 3, 1972, for failure of the plaintiff to comply with the defendants' motion for a more specific statement as

ordered by the court. That judgment of nonsuit was never opened, and no appeal was ever taken from it. Insofar as the action against the defendant T. J. Masterson was concerned, a judgment of nonsuit was entered in favor of Masterson on December 1, 1972, which judgment of nonsuit was never opened, and no appeal was ever taken from it. On March 6, 1973, and again on April 17, 1973, the plaintiff filed motions to open which were denied in each instance. Thereafter, on January 11, 1974, this suit was instituted against both defendants by service of a new writ, summons and complaint alleging the same facts. Demurrers were filed by these defendants on the basis that the suit was not brought within the time limit of the Statute of Limitations, and the demurrers were sustained. Subsequently, on May 20, 1974, the plaintiff filed an amended complaint, and the instant demurrers are directed to that amended complaint.

Ordinarily, the Statute of Limitations must be raised by special defense. Practice Book § 120; *Hofmiller* v. *Joseph,* 18 Conn. Sup. 143, 144. When the parties agree that the complaint contains all the pertinent facts, the issue may be raised by demurrer. *Vilcinskas* v. *Sears, Roebuck & Co.,* 144 Conn. 170. A demurrer is also the proper device to raise the issue when the plaintiff anticipates the Statute of Limitations and endeavors to overcome its effect by appropriate allegations in the complaint. *Radezky* v. *Sargent & Co.,* 77 Conn. 110. A further exception is as follows: "[W]here a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right—it is a limitation of the liability itself as created, and not of the remedy alone." *DeMartino* v. *Siemon,* 90 Conn. 527, 528. In other words, the statutory limitation

attaches to and forms part of the action itself or imposes a condition on the right to sue. *Korb* v. *Bridgeport Gas Light Co.,* 91 Conn. 395. This limitation is subject to the remedial provision of § 52-592 of the General Statutes where there is an accidental failure of suit. The plaintiff has, however, the duty of establishing that such statutory provisions save this course of action.

The plaintiff herein claims that, even though nonsuits were entered in this case more than one year prior to the institution of the present action, her motions to set aside the nonsuits tolled the Statute of Limitations. To follow the arguments of the plaintiff would be to say that there never would be finality to a nonsuit because, at any time, a plaintiff could file a motion to set it aside and commence the Statute of Limitations running again. In this instance, both of the motions to set aside were denied. To follow the argument of the plaintiff to a logical conclusion, the plaintiff could, on this date, file another motion to open, which would again be denied, and then claim that the Statute of Limitations runs for a year from this date.

The plaintiff is using § 52-592 of the General Statutes as her authority to institute another action against these defendants under the facts and circumstances outlined herein. The plaintiff is relying on § 52-592, and it appears to this court that the pertinent portion of that statute is the section which states that the plaintiff "may commence a new action for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment." The question would seem to be, When was the original action terminated? This court is of the opinion that the original action was terminated at the dates when the judgments of nonsuit were rendered and not at the date of the determination of the motions to set

aside. The motions to set aside gave the plaintiff the right to appeal, which procedure was not followed. Section 52-592 calls for one year from the date of determination of the action, and this court is of the opinion that the prior action terminated more than one year prior to the institution of this suit. This court is of the opinion that the Statute of Limitations has run and that the defendants are correct in their contentions.

The demurrers of the defendants are hereby sustained.