[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, George Wheeler brought a negligence action against the defendants Eveard Martinson and Elizabeth Kowalski. The action was brought by writ, summons and complaint dated August 24, 1988 and made returnable to the Superior Court for the Judicial District of Hartford/New Britain on September 27, 1988. In that action the plaintiff alleged that on or about September 4, 1986 he was struck by a motor vehicle owned by defendant Kowalski and operated by defendant Martinson. Deputy Sheriff James Barber served the defendants on September 8, 1988. The writ was returned to the Hartford Superior Court on April 17, 1989. The defendants filed a motion to dismiss the action in Hartford Superior Court. The motion was granted by the Court (Schaller, J.) for failure to comply with Connecticut General Statutes 52-46a which requires that process in civil actions be returned to the clerk of the Superior Court at least six days before the return day. CT Page 2068
The plaintiff now seeks to reinstitute the lawsuit by relying upon Connecticut General Statutes 52-592, the accidental failure of suit statute. That statute provides in pertinent part:
 (a) If any action commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form; or if, in any such action after a verdict for the plaintiff, the judgment has been set aside, or if a judgment of nonsuit has been rendered or a judgment for the plaintiff reversed, the plaintiff, or if the plaintiff is dead and the action by law survives, his executor or administrator, may commence a new action, except as provided in subsection (b) of this section for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment.
Conn. Gen. Stat. 52-592 (a) (emphasis added).
In order to successfully employ the accidental failure of suit statute, the plaintiff bears the burden of proving that the late return of process was due to the default or neglect of the officer to whom it was committed. Broderick v. Jackman, 167 Conn. 96, 98 (1974); See also Morrisette v. Archambault, 31 Conn. Sup. 302, 304 (1974). The defendants now move for summary judgment claiming that the plaintiff cannot avail himself of the accidental failure of suit statute. The plaintiff has presented no evidence to demonstrate that the late return of process in the prior case resulted from the default or neglect of the officer to whom it was committed. Therefore, the plaintiff has failed to establish a right to benefit from Connecticut General Statutes Section52-592.
Accordingly, the motion for summary judgment is granted.
PICKETT, J.