[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
The plaintiff brings this products liability action pursuant to Conn. Gen. Stats. 52-592, the so-called accidental failure of suit statute. That statute provides that certain cases which have been previously terminated without adjudication on the merits, may, under certain conditions, be recommenced. The statutory language relevant to the issue before the court in this case is as follows:
 [The plaintiff] may commence a new action . . . for the same cause at any time within one year after the determination of the original action . . . .
The court's records establish the following sequence of events:
July 10, 1984 — Alleged injury occurred.
July 8, 1987 — First complaint filed.
June 23, 1989 — Case dismissed — Dormancy — P.B. 251.
October 27, 1989 — Motion to set aside dismissal filed.
December 7, 1989 — Motion to set aside dismissal denied.
December 7, 1990 — Present complaint served.
The defendant moves to dismiss the complaint on the basis that the new action was not brought "within one year after the determination of the original action" as required by the statute. He argues that the operative date is June 23, 1989, when the original action was dismissed. The plaintiff argues that "determination of the original action" occurred on December 7, 1989, when the court denied her motion to set aside the dismissal. The court finds the issue in favor of the defendant.
In Morrisette v. Archambault, 31 Conn. Sup. 302 (1974); and Lee v. Phillips, No. 352222, (Superior Court, Hartford/New Britain at Hartford, November 29, 1988, Corrigan, J.); the court was faced with essentially the same issue. In Morrisette, the court (Santaniello, J.) held that the original action in that case was terminated on the date of judgment of nonsuit, not on the date when the motion to set aside that judgment was denied. Otherwise, the court observed, there would be no finality to the judgment because, "at any time, a plaintiff could file a motion to set it aside and commence the CT Page 5351 Statute of Limitations running again." Similarly, in Lee v. Phillips, supra, the court held that "the judgment of nonsuit is such a determination and unless stayed by a timely motion or appeal is final as of the date granted." In the present case, the motion to set aside the dismissal was not timely, having been filed beyond the four-month limitation, nor was any appeal taken from the court's order denying the motion.
For all of the foregoing reasons, the defendant's motion to dismiss is granted.
MALONEY, JUDGE