[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The motion before the Court is a motion to dismiss filed by the defendant herein.
The pro se plaintiffs, Ernest and Sophie Solberg, filed a complaint in one count on June 10, 1991 against the defendants, Town of Oxford and the State of Connecticut. The complaint, consisting of 80 paragraphs, apparently sounds in trespass, fraud, civil conspiracy and a taking without just compensation.
The plaintiffs allege in their complaint that the State forced CT Page 7800 the Town to run its planned sewer line across a particular portion of property owned by the plaintiffs, for the dual purpose of enabling the State to extend its bridle path, controlled by the Department of Environmental Protection, and intentionally denying the plaintiffs access to the new sewer line. Further, they allege that on November 10, 1987, the Town trespassed upon their property when they pretended not to know that the sewer line construction, which had already commenced, was running across the plaintiffs' property, and when they discovered their error, condemned the property through eminent domain. The plaintiffs maintain that this condemnation after the fact amounts to a taking without just compensation.
The plaintiffs also claim that the Town and the State fraudulently withheld knowledge of the plaintiffs' ownership of the property, and that the Town and the State conspired to have the Town give the property to the State for use as an extension of its bridle trail after the Town's sewer line was completed.
The defendant Town of Oxford filed this motion to dismiss on July 18, 1991, accompanied by a supporting memorandum, claiming that the Court lacks subject matter jurisdiction insomuch as the action is barred by the doctrine of governmental immunity, barred by any applicable statute of limitations, and barred by the prior pending action doctrine.
On July 5, 1991, the defendant State of Connecticut filed a motion to dismiss. On July 30, 1991, the plaintiffs filed a letter requesting that neither motion to dismiss be heard until after August 25, 1991, in order that they might prepare their "defense" to the motions. On August 26, 1991, an attorney filed an appearance for the plaintiffs. It is not clear from the file whether the plaintiffs have abandoned their plan to object to the motion, or their attorney has not yet filed a memorandum in opposition. As of September 11, 1991, nothing more has been filed in the Clerk's Office.
A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court. Practice Book 143; Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509
(1985). It is also appropriate for raising the issue of the applicability of the prior pending action doctrine. Beaudoin v. Town Oil Co., 207 Conn. 575, 542 A.2d 1124 (1988). It is not, however, the appropriate vehicle for raising the issue of whether the statute of limitations has run. "Ordinarily, the Statute of Limitations must be raised by special defense. Practice Book 164." Morrisette v. Archambault, 31 Conn. Sup. 302, 303 (1974). Under limited circumstances, it may also be raised by a motion to strike. Id. CT Page 7801
Neither is the motion to dismiss the proper vehicle for raising the issue of governmental immunity. Generally, this too must be specially pleaded; Gauvin v. New Haven, 187 Conn. 180, 184445 A.2d 1 (1982). It may, however, under certain circumstances, also be raised by a motion to strike. Id., see also Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988).
If the motion to dismiss is granted, it can only be granted under the prior pending action doctrine.
The Town of Oxford claims in its memorandum of law supporting this motion that, at the commencement of the instant action, there were "two actions pending in the Superior Court, Judicial District of Ansonia/Milford at Milford, in which the town of Oxford is the defendant and the plaintiffs are Ernest and Sophie Solberg." One is an appeal from a condemnation award D.N. CV89 028118S, while the other is an action for inverse condemnation, D.N. CV80 028119S. The defendants maintain that both actions arise from the same facts and involve the same parties.
The prior pending action doctrine "is a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction. . . ." Solomon v. Aberman, 196 Conn. 359, 383, 493 A.2d 193 (1985). It allows the dismissal of an action that is identical, i.e., same parties, evidence or objective of the cases — to a pending action in the interest of justice and judicial economy. Halpern v. Board of Education, 196 Conn. 647, 651-53, 495 A.2d 264 (1985). The court must examine the pleadings of the actions in order to determine whether or not they are `virtually alike'. Id., 653; quoting Solomon v. Aberman, supra, 383.
An action ceases to be pending when it has gone to judgment, even though an appeal from that judgment is pending. Stephenson, Conn. Civ. Prac. (2d Ed.) 104a, pp. 422-24. The proper defense in such a case is res judicata, which must be specially pleaded. Id.
Neither ground that the Town relies on will satisfy the prior pending action doctrine. The appeal of the condemnation award would more properly be addressed in the Town's answer as a special defense under the doctrine of res judicata.
The Court is unable to compare the pleadings of the inverse condemnation action with those of the case at hand, since the defendant Town has failed to supply sufficient evidence of the alleged similarities.
The Town and State's motion to dismiss is denied. CT Page 7802
By The Court Curran, J.