[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #113
The defendants move to strike counts five through twelve of plaintiffs' complaint on the grounds that the actions are barred by applicable statutes of limitations, statutory notice requirements and governmental immunity.
By revised complaint filed on November 12, 1991, the plaintiffs, Neil R. and Marilynn Forbes, bring this action against the following defendants: Joseph L. Ballaro, Joseph Ballaro, d/b/a Ballaro Construction Co., and Patricia A. Ballaro, ("the Ballaros"), owners of the subject property and the parties with whom the plaintiffs contracted to build a single family residence; John R. Cook, the Inland Wetlands Commission Enforcement Officer for the City of Shelton; Frank Kullberg, Building Inspector for the City of Shelton; and the City of Shelton ("the municipal defendants").
In counts one through four, the plaintiffs allege that on September 5, 1985, they entered into a written contract with Joseph Ballaro and Joseph L. Ballaro to construct a single family residence on property owned by Joseph and Patricia A. Ballaro. Plaintiffs further allege that the Ballaros laid footings and foundation in a manner contrary to building code regulations. Plaintiff also alleges that part of the footings and foundation were laid on organic wetland material subject to decomposition.
The plaintiffs allege that a warranty deed was conveyed to them by Joseph and Patricia A. Ballaro, presumably conveying the property and completed structure, on May 19, 1986.
Furthermore, the plaintiffs allege that on July 18, 1990, they discovered that their house was subject to settlement, severe stress and damage as a result of the defendants' alleged acts. CT Page 765
Counts one through four against the Ballaros allege respectively, breach of contract, negligence, fraud, and violation of the Connecticut Unfair Trade Practices Act.
In count five, the plaintiffs allege negligence against Cook and the City of Shelton in that Cook failed to properly supervise the construction of plaintiffs' house and allowed a portion to be constructed on wetlands. Plaintiffs further allege that such negligent and careless supervision was a breach of duty that was owed to plaintiffs, was a direct and proximate cause of the defects in the plaintiffs' house, and will result in substantial economic damage to the plaintiffs. The plaintiffs allege that Cook's negligent acts were committed "throughout the time the [Ballaros] were constructing the plaintiffs' house," which would be between November, 1985 and May, 1986.
Counts six and seven allege negligent nuisance and nuisance respectively, against Cook and the City of Shelton as a result of their alleged negligent acts.
In count eight, against Kullberg and the City of Shelton, the plaintiffs allege that Kullberg inspected and approved the Ballaro's work on December 13, 1985, and April 24, 1986, which resulted in a certificate of occupancy being issued. The plaintiffs further allege that Kullberg was negligent and careless in approving the construction on wetlands and in violation of the building code. They also allege that Kullberg's negligence was a direct and proximate cause of the alleged defects in the plaintiffs' house.
Counts nine and ten, both against Kullberg and the City of Shelton, allege negligent nuisance and nuisance respectively, as a result of Kullberg's alleged negligent inspection.
In count eleven, the plaintiffs allege fraud against Kullberg and the City of Shelton. They allege that Kullberg knew of the alleged building violations and falsely represented otherwise to the plaintiffs.
In count twelve, the plaintiffs seek to require the City of Shelton to indemnify Kullberg and Cook, pursuant to General Statutes 7-465, which provides for assumption by a municipality of employee liability for negligence.
On November 18, 1991, the municipal defendants jointly moved to strike counts five through twelve on the grounds that the action is barred by failure to satisfy statutory notice requirements, governmental immunity, and the applicable statutes of limitations. CT Page 766
The municipal defendants filed a memorandum of law in support of their motion, and the plaintiffs have filed a memorandum in opposition, in accordance with Practice book 155.
The purpose of a motion to strike is to test the legal sufficiency of the allegations of a complaint to state a claim upon which relief can be granted. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 544 A.2d 1185 (1988). The court must admit all facts well pleaded, and view them in the light most favorable to the pleader. Id.
Generally, a claim that an action is barred by the statute of limitations must be brought as a special defense, and not by a motion to strike. Practice Book 164. Nevertheless, there are exceptions to this rule two of which are applicable to the instant case.
First, when a plaintiff states in the complaint all facts pertinent to the question of whether the action is barred by the applicable statute of limitations, in addition to the facts necessary to maintain an action, it is permissible for the defendant to raise the question of law by a motion to strike. Vilcinskas v. Sears, Roebuck Co., 144 Conn. 170, 171-72,127 A.2d 814 (1956); Radezky v. Sargent Co., 77 Conn. 110, 114 58 A. 709
(1904). This exception applies to defendants Cook and Kullberg.
Second, where a party is given a statutory right to sue, not available at common law, the statutory limitation is part of the action itself, imposing a condition on the right to sue, and a motion to strike such a claim is proper. DeMartino v. Siemon,90 Conn. 527, 528, 97 A. 765 (1916); Morrisetts v. Archambault,31 Conn. Sup. 302, 303-04, 329 A.2d 622 (1974). This exception applies to the City of Shelton.
The plaintiffs are suing the City of Shelton pursuant to General Statutes 7-465(a), which provides, in part:
 Any town, city or borough; shall pay on behalf of such municipality, . . . all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded for infringement of any person's civil rights or for physical damages to person or property, except as hereinafter set forth, if the employee, at any time of the occurrence, accident, physical injury or damages complained of, was acting in the performance of his duties and within the scope of his employment, and if such occurrence, accident, physical injury or damage was not the result of any wilful or wanton act of such employee in the discharge of such duty . . . . No action for personal physical injuries or CT Page 767 damages to real or personal property shall be maintained against such municipality and employee jointly unless such action is commenced within two years after the cause of action therefor arose. . . .
The plaintiffs, in their complaint, date all of the alleged negligent acts of the municipal defendants between November, 1985 and May, 1986. Under 7-465(a), supra, the latest date the plaintiffs could commence such an action would be "within two years after the cause of action arose . . ." or May, 1988. An action is commenced on the date of service of the writ upon the defendant. Valley Cable Vision, Inc. v. Public Utilities Commission, 175 Conn. 30,392 A.2d 485. The instant action was commenced on May 6, 1991 and May 10, 1991, some three years after the time to sue had passed, as evidenced by the sheriff's return. Accordingly, this action to require the City of Shelton to indemnify defendant municipal employees Cook and Kullberg is time barred. Therefore, counts five through twelve as against the City of Shelton are ordered stricken.
Defendants Cook and Kullberg rely on the negligence statute of limitations, 52-584, for counts five and eight; and 52-577, the general statute of limitations for tort actions, for counts six, seven, nine, ten and eleven.
If an action pursuant to General Statutes 7-465 cannot be maintained against a municipality and its employees jointly, a plaintiff may proceed against the employees alone. Rowe v. Godou,209 Conn. 273, 278-79, 550 A.2d 1073 (1988); Fraser v. Henninger,173 Conn. 52, 57, 376 A.2d 406 (1977).
Section 52-584 provides, in relevant part:
No action to recover damages for injury to the person, or to real . . . property, caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained or discovered . . . except that no such action may be brought more than three years from the date of the act or omission complained of. . . .
The latest date that the plaintiffs could file an action for negligence against Cook and Kullberg would be May, 1989. This action was not instituted until May, 1991. Accordingly, counts five and eight are stricken in that they are time barred.
Section 52-577 provides:
No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of.
Therefore, the latest date that the plaintiffs could file CT Page 768 actions for negligent nuisance, nuisance and fraud would be May, 1989. Accordingly, counts six, seven, nine, ten and eleven against Cook and Kullberg are stricken, as being time barred.
Since the question of whether this action against these municipal defendants is barred by the applicable statutes of limitations is dispositive of this motion, no other grounds will be addressed.
Therefore, in accordance with the above findings, the municipal defendants' motion to strike counts five, six, seven, eight, nine, ten, eleven and twelve is granted.
MAIOCCO, J.