[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE
As to the First Special Defense
Defendant alleges the special defense of estoppel based on plaintiff's deed to defendant not stating the conveyance is subject to the drainage easement and retention basin which CT Page 476 plaintiff claims in its complaint defendant has disturbed. In support of its motion to strike, plaintiff asserts facts which cannot be considered by the court in a motion to strike.
Motion to strike first special defense is denied.
 As to First Count of Counterclaim, by way of set-off or recoupment.
Defendant alleges in the first count of its counterclaim, by way of set-off or recoupment, that plaintiff breached the warranty against encumbrances contained in the warranty deed executed by plaintiff in favor of defendant dated November 28, 1979.
Plaintiff asserts as ground for its motion to strike this count the six-year statute of limitations for breaches of contract.
Insofar as the first count is by way of recoupment, the statute of limitations cannot defeat it. Nickerson v. Martin, 34 Conn. Sup. 22, 28-30 (1976); Jewett City Trust Company v. Gray, 35 Conn. Sup. 508, 509-10 (App. Sess. 1977).
Thus, the motion to strike is denied as to the first count of the counterclaim.
As to the Second Count of the Counterclaim
Defendant alleges in the second count a claim that plaintiff engaged in unfair and deceptive trade practices, in violation of CUTPA, Conn. Gen. Stats. 42-110a et seq., by bringing this action and by filing a lis pendens.
Plaintiff asserts as ground for its motion to strike the three-year statute of limitations for CUTPA actions, Conn. Gen. Stats. 42-110g(f). Plaintiff points out the action was commenced by service on January 10, 1987, the lis pendens was filed January 6, 1987, and defendant filed its counterclaim on October 9, 1992, more than four years, ten months later.
Ordinarily, the statute of limitations must be raised by a special defense. Morrisette v. Archambault, 31 Conn. Sup. 302, CT Page 477 303 (1974). "When the parties agree" that the pleadings contain all the pertinent facts, the issue may be raised by a motion to strike. ibid. at 303. Valcinskas v. Sears, Roebuck Co., 144 Conn. 170, 172 (1956).
Here the parties do not agree. Defendant asserts in his memorandum that he has counterdefenses to the statute based on its tolling by virtue of a "continuing course of conduct."
Thus, the motion to strike, at this stage, must be denied.
As to the Third Count of the Counterclaim
Defendant alleges in the third count that the lis pendens filed on January 6, 1987 contained false statements, was published by plaintiff with malice and in disparagement of defendant's fee simple title.
Plaintiff asserts as ground for its motion to strike this count the three-year statute of limitations for tort actions, Conn. Gen. Stats. 52-577. Defendant contends plaintiff must plead the statute and it will counterplead with the claim of tolling the statute on the basis of "continuing course of conduct."
For reasons stated above as to the second count, the motion to strike this count is denied.
Plaintiff's motion to strike the first special defense and the three counts of defendant's counterclaim is denied.
Robert Satter State Trial Referee