[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT #110)
Plaintiffs, Thomas V. McLaughlin, MacGall, Inc., MacGall Associates Limited Partnership, and Joseph Gall, filed the above-captioned action ("original action"), against defendants Capitol Housing Finance Corp. ("CHFC") and Arthur Anderson on May 10, 1989 (Defendants' Memorandum in Support, Exhibit B: May 10, 1989 Complaint).[1] The action arose out of a 1986 real estate transaction involving the purchase and financing of a Department of Housing and Urban Development rehabilitation project in Hartford, Connecticut, known as Winter Green/Green Elmer. The complaint alleges that plaintiffs were successful bidders for the project, which was to be financed by defendants, but, as a result of defendants' wrongful conduct, plaintiffs suffered financial damage.
On December 7, 1990, pursuant to Practice Book 251, the court entered a judgment of dismissal in this action on the basis that plaintiffs had failed to prosecute the case with reasonable diligence. (Exhibit D: Affidavit of John J. Veray, Chief Clerk). On April 1, 1991, plaintiffs submitted a Motion to Vacate Dismissal and Reopen; (Exhibit F: Motion to Vacate); but the motion was returned because it lacked the required filing fee. (Exhibit G: Plaintiffs'-Appellees' Opposition to Motion for Judgment). Plaintiffs resubmitted their motion on April 11, 1991, which was granted by the court, Celotto, J., on April 30, 1991. (Exhibit D; Exhibit F).
On May 9, 1991, defendants appealed from the judgment setting aside the dismissal, (Exhibit H: Appeal); however, on July 29, 1991, plaintiffs notified the Chief Clerk of the Appellate Court, by letter, that they would not file an opposition brief and that they were willing to waive oral argument. (Exhibit I(a): Letter of Attorney John R. Williams). The Appellate Court informed plaintiffs that they could not excuse themselves by letter from their obligation to file an appellee's brief. (Exhibit J, Attachment B: Letter from Assistant Clerk-Appellate, dated July 31, 1991). The court warned plaintiffs that unless a brief was filed on or before August 7, 1991, accompanied by a motion requesting permission to file it out of time, the appeal would be set down for entry of judgment for defendants on the appeal "and/or the imposition of sanctions under Practice book section 4055." Id. CT Page 11009
On August 13, 1991, pursuant to Practice Book 4055, defendants filed a motion for judgment with the Appellate Court on the ground that plaintiffs had failed to diligently defend against the appeal; (Exhibit J: Defendants' Motion); and plaintiffs filed a memorandum in opposition on August 21, 1991. (Exhibit G). On October 2, 1991, the Appellate Court issued an order which instructed the trial court to vacate its order reopening the dismissal unless plaintiffs-appellees filed a brief on or before October 16, 1991, (Exhibit I(b)). Plaintiffs-appellees did not file briefs by this deadline, and the Appellate Court issued another order, dated October 17, 1991, which remanded the matter to the trial court "with direction to vacate the order reopening the dismissal." (Exhibit I(c)). Accordingly, on December 18, 1991, the trial court entered a judgment vacating its previous order. (Exhibit D).
Pursuant to General Statutes 52-592, Connecticut's Accidental Failure of Suit statute, plaintiffs filed a seven-count complaint on November 12, 1992, naming CHFC, Arthur T. Anderson, Handler Friar Architects, Inc., David L. Friar, and Philip S. Handler as defendants.[2]
On October 7, 1993, defendants, CHFC and Arthur Anderson, filed a motion for summary judgment as to counts one through four of the complaint. Counts one through three allege a breach of contract, and count four alleges violations of Connecticut's Unfair Trade Practices Act. Defendants maintain that there is no genuine question of material fact and that they are entitled to judgment as a matter of law because plaintiffs cannot utilize Connecticut's Accident Failure of Suit statute, General Statutes 52-592, to revive their suit.
Specifically, defendants argue that plaintiffs' suit is untimely because it was not commenced within the one-year time limitation provided by General Statutes 52-592. In addition, defendants contend that 52-592 is inapplicable because this action was previously adjudicated on the merits, and because plaintiffs' action did not fail originally as a result of mere accident or simple negligence.
Plaintiffs MacGall Inc. and MacGall Associates Limited Partnership filed a memorandum in opposition on November 5, 1993, and plaintiffs McLaughlin and Gall filed their opposition on the same date. CT Page 11010
This court heard oral argument on defendants' motion on November 8, 1993, and defendants submitted a memorandum in reply to plaintiffs' opposition on November 11, 1993.
"In deciding a motion for summary judgment, the trial court is limited to considering the pleadings, affidavits and other documentary proof submitted by the parties." (Citation omitted.) Orticelli v. Powers, 197 Conn. 9, 15, 495 A.2d 1023 (1985). Summary judgment "`shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" (Citations omitted.) Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578,573 A.2d 699 (1990).
General Statutes 52-592, Connecticut's Accidental Failure of Suit statute, provides in relevant part, that:
 (a) If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form; or if, in any such action after a verdict for the plaintiff, the judgment has been set aside, or if a judgment of nonsuit has been rendered or a judgment for the plaintiff reversed, the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment. . . .
Defendants argue that the present action is untimely because it was filed more than a year after the December 7, 1990 dormancy dismissal was entered in the original action. Although the complaint alleges that the original action was dismissed on December 18, 1991 for failure to prosecute, defendants argue that December 7, 1990, not December 18, 1991, is the operative date for CT Page 11011 computing the one-year time limitation contained in 52-592.
Defendants observe that the dormancy dismissal in the original action was entered on December 7, 1990, and that plaintiffs filed. an untimely motion to reopen. Therefore, defendants maintain that the trial court lacked jurisdiction to "reopen" plaintiffs' dormancy dismissal, thus, the court's order to reopen was a nullity. Defendants emphasize that December 18, 1991 is merely the date upon which the trial court, by order of the Appellate Court, vacated its earlier order to reopen the dormancy dismissal, and that it "stretches credulity and is contrary to well established authority to argue that the original state court action was dismissed for dormancy on December 18, 1991." (Defendants' Memorandum, p. 14).
Plaintiffs counter that the present action was properly brought in accordance with 52-592 because it was commenced within one year of December 18, 1991. Plaintiffs contend that December, 18, 1991 is the date upon which their original action was "`determined'" on procedural grounds, because it was the date upon which the court entered a Practice Book 251 judgment in the original action, "and the date on which the Original Action was in fact stricken from the docket." (Memorandum of Plaintiffs MacGall, Inc. and MacGall Associates, p. 11).
The parties do not disagree on the material facts comprising the procedural history of this case. Their dispute centers on the legal effect of such history.
In the present case, the court must determine whether the original action, for purposes of 52-592, was finally determined on December 7, 1990, when the trial court originally entered the dormancy dismissal, or on December 18, 1991, when the trial court, upon remand, entered the judgment vacating its previous reopening of the dismissal. This is a question of law.
Practice Book 251 allows a court to render a judgment of dismissal "[i]f a party shall fail to prosecute an action with reasonable diligence . . . ." Practice Book 326 further provides that such judgments "may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which it was rendered or passed." Unless the four-month time limitation is waived, "the trial court lacks jurisdiction to entertain a motion to open filed more than four months after a decision is rendered." Van Mecklenburg v. Pan American World CT Page 11012 Airways, Inc., 196 Conn. 517, 518, 494 A.2d 549 (1985).
In the present case, the court entered a judgment of dismissal on December 7, 1990 pursuant to Practice Book 251. Plaintiffs submitted a timely motion to vacate the dormancy dismissal on April 1, 1991, but it was returned for failure to attach the required filing fee. On April 11, 1991, plaintiffs resubmitted their motion, which was granted by the court on April 30, 1991. Accordingly, because plaintiffs' motion was filed more than four months after the dormancy dismissal was entered, the trial court acted without jurisdiction to entertain plaintiffs' motion to vacate the dismissal. Because the trial court lacked jurisdiction, the defendants conclude that December 7, 1990, the date the dormancy dismissal was entered, constitutes the "determination of the original action" for purposes of 52-592.
However, defendants appealed from the trial court's decision to reopen the dormancy dismissal. Subsequently, the Appellate Court remanded the matter to the trial court, ordering the trial court to vacate its previous reopening of the dismissal. The trial court, acting in conformity with the Appellate Court's directive, vacated its prior order on December 18, 1991.
Subsequently, plaintiffs refiled their suit pursuant to 52-592, which, under certain circumstances, allows the recommencement of an action "within one year after the determination of the original action."
General Statutes 52-592, Connecticut's Accidental Failure of Suit statute, "is designed to prevent a miscarriage of justice if the plaintiff fails to get a proper day in court due to the various enumerated procedural problems." Legassey v. Shulansky, 28 Conn. App. 653,659, 611 A.2d 930 (1992). This savings statute "is available to plaintiffs who have suffered a dismissal, pursuant to 251, for lack of reasonable diligence in the prosecution of their actions." (Citations omitted). Lacasse v. Burns, 214 Conn. 464,473, 572 A.2d 357 (1990). Section 52-592 is a remedial statute which is to be liberally interpreted. Id., 471.
The court finds the reasoning of the plaintiffs more persuasive and concludes that for 52-592 purposes the original action was finally determined on December 18, 1991.
In the first instance the court cannot accept the basic premise of the defendants' argument that everything that happened CT Page 11013 after the plaintiffs' untimely motion was a nullity.
In the present action, an appeal was taken from the reopening of the December 7, 1990 dormancy dismissal; however, the underlying dormancy dismissal did not represent an adjudication on the merits of this case. Here, the finality of the December 7, 1990 judgment depended upon the outcome of the appeal because the trial court had reopened the dormancy dismissal and restored the case to the docket. The appellate court subsequently remanded the matter and ordered the trial court to vacate its order. Until such time as the trial court vacated its order on December 18, 1991, this was a pending case still undetermined.
To conclude otherwise would produce the bizarre result of forcing the plaintiffs to institute a 52-592 action even though the trial court had restored their original case to the docket. The law should not countenance such a paradox. The plaintiffs were entitled to rely on the reinstatement order until it was vacated by the trial court. Otherwise, every plaintiff who has successfully revived a case, where such revival is challenged by appeal, would have to simultaneously launch a 52-592 action. This anomaly would lead to a proliferation of lawsuits and a further clogging of the docket with unnecessary litigation as no real purpose is served by putting a plaintiff on the horns of the above dilemma. The defendants' argument thwarts the orderly administration of court business.
Independent of the foregoing analysis the plaintiffs also present a very colorable argument that Judge Celotto's December 18, 1991 order vacating his earlier reinstatement was in fact the court's first denial of the plaintiffs' P.B. 251 motion and therefore an appropriate basis of renewal pursuant to 52-592. Morelli v. Manpower, Inc., 226 Conn. 831 ___ A.2d ___ (1993).
Moreover, as noted by the plaintiffs 52-592 expressly provides that dismissals for lack of jurisdiction are covered by its provisions.
In the present action, defendants cite to two superior court cases for the proposition that the determination of the original action occurred on December 7, 1990, the date the court entered the dormancy dismissal. (Defendants' Reply Memorandum, dated November 11, 1993, p. 4), citing Morrisette v. Archembault, 31 Conn. Sup. 302,329 A.2d 622 (1974), and Jonas v. Unsmoke Services, Inc.,4 Conn. L. Rptr. 137 (June 6, 1991, Maloney, J.)) However, these CT Page 11014 cases are factually distinguishable from the present case and such distinction is critical.
In Morrissette v. Archembault, supra, the issue was whether, for purposes of 52-592, the original action was terminated on the date a nonsuit was rendered, or whether it was terminated on the date that plaintiff's motions to set aside were denied. Id., 304. The court concluded that the action was terminated on the date the nonsuit was entered. Id. However, the court emphasized that the "motions to set aside gave the plaintiff the right to appeal, which procedure was not followed." Id., 305. Because the plaintiff in Morrissette did not appeal, the court did not reach the issue of whether the one-year limitation of 52-592 would have been computed as of the date a decision was rendered on an appeal.
Similarly, in Jonas v. Unsmoke Services, Inc., supra, the court determined that an action was terminated within the meaning of 52-592 when the original action was dismissed, and not when the court denied plaintiff's motion to set aside the dismissal. However, the court also observed that plaintiff had not taken an appeal from the court's order denying plaintiff's motion to set aside the dismissal. Id., 137.
Moreover, Van Mecklenburg v. Pan American World Airways, Inc., supra, relied upon by the movants is also factually inapplicable. There was no 52-592 issue in that case. The court therein granted an untimely motion to open a judgment of dismissal and thereafter proceeded to judgment on the merits. There was no interlocutory appeal of the granting of the motion to restore and therefore no need to commence a 52-592 action before the original case was heard on its merits.
The strained logic of the defendants' argument becomes more apparent in light of the factual scenarios in each of these three cases. In Morrisette and Jones the plaintiff's motions to reopen were denied. It was on this basis that the court in each of those cases ruled that the 52-592 one-year limitation began to run at the time the sanction was first entered. In each of those cases when the plaintiff's request to reopen was denied, the plaintiff then enjoyed the option to either appeal the denial or to immediately commence a renewal suit under 52-592. Here, the plaintiffs never enjoyed such options as the granting of their request for relief prevented the opportunity to exercise either option from ripening. The same rationale also undercuts the defendants' reliance on Van Mecklenburg. To adopt the defendants' CT Page 11015 position would be tantamount to depriving the plaintiffs of relief they never had an opportunity to pursue.
Nor can the defendants under the facts here successfully raise the specter of unlimited extensions and endless litigation if their summary judgment is denied. The fact of the matter is that the original action here was determined on December 18, 1991. The plaintiffs made timely service within the one year required by52-592. There are no multiple 52-592 actions. This action is the first renewal of the plaintiffs' original action and is authorized under the holding of The Estate of Pintavalle V. [v.] Valkanos,216 Conn. 412, 582, A.2d 1050 (1990).
Having rejected the movants' basic premise the court need not address their ancillary arguments in anticipation of the plaintiffs' response. Whether there was a tolling of the one year period or whether the plaintiffs' federal action can be substituted as the "original" action are moot questions.
Defendants also argue that 52-592 cannot revive plaintiffs' suit because the Appellate Court adjudicated the action on the merits when it granted defendants' "Practice Book 4055 Motion for Plaintiffs' lack of diligence in defending the appeal . . . ." (Defendants' Memorandum, dated September 28, 1993, p. 27).
Practice Book 4055 provides, in relevant part, that:
 If a party shall fail to defend against an appeal with proper diligence, the court may, on motion by any other party to the appeal or on its own motion, set aside in whole or in part the judgment under attack, with costs, and direct the entry of an appropriate final judgment by the trial court against the party guilty of the failure . . . . If that party is a plaintiff in the action, the directed judgment may be one dismissing the action as to that plaintiff, and the judgment shall operate as an adjudication upon the merits.
As previously discussed, defendants had appealed from the order of the trial court granting plaintiffs' motion to vacate the dismissal. On August 13, 1991, defendants filed a motion for judgment with the Appellate Court, pursuant to 4055 of the Rules of Appellate Procedure. (Exhibit J). Defendants moved on the CT Page 11016 ground that plaintiffs had not diligently defended the appeal, as evidenced by plaintiffs' failure to file a brief. Defendants requested the Appellate Court to enter judgment in defendants' favor on the appeal, set aside the trial court's reopening of the dormancy dismissal and to enter a judgment of dismissal of plaintiffs' case. (Exhibit J, p. 4, 5).
Subsequently, the Appellate Court issued an order, dated October 17, 1991, stating that:
ORDER
 THE APPELLEES HAVING FAILED TO FILE THEIR BRIEF ON OR BEFORE OCTOBER 16, 1991 PURSUANT TO THE ORDER OF THE COURT DATED OCTOBER 2, 1991, IT IS HEREBY ORDERED THAT THIS MATTER IS REMANDED TO THE TRIAL COURT WITH DIRECTION TO VACATE THE ORDER REOPENING THE DISMISSAL.
(Exhibit I(c)).
The Appellate Court's order should not be construed as an adjudication on the merits of plaintiffs' action. Section 4055 provides that a directed judgment "maybe one dismissing the action as to that plaintiff, and the judgment shall operate as an adjudication upon the merits." (Emphasis provided.) However, here, the order explicitly states that "this matter is remanded to the trial court with direction to vacate the order reopening the dismissal." (Emphasis provided.) Accordingly, the Appellate Court's Order merely instructed the trial court to reinstate the previous 251 dormancy dismissal. A judgment of dismissal pursuant to 251 is not an adjudication on the merits of an action; Milgrim v. Deluca, 195 Conn. 191, 194, 487 A.2d 522 (1985); thus, similarly, an order which merely ultimately reinstates a 251 dismissal does not operate as an adjudication on the merits.
Finally, defendants argue that Connecticut's Accidental Failure of Suit statute is unavailable to plaintiffs because plaintiffs' original action did not fail as a result of mere accident or simple negligence.
"[A] plaintiff's ability to rely on 52-592 is limited to those cases where the 251 dismissal is rendered after the case failed because of accident or simple negligence." Skibeck v. Avon,24 Conn. App. 239, 242-43, 587 A.2d 166, cert. denied, 219 Conn. 912
(1991), citing Lacasse v. Burns, supra, 474. CT Page 11017
In Skibeck v. Avon, supra, plaintiff's decedent was involved in an automobile collision in 1979, and he commenced an action against defendant in 1980 for injuries sustained in the accident. This action was dismissed in 1983 because plaintiff's decedent failed to appear at trial; however, the court later granted a motion for a new trial. In 1987, the case was dismissed a second time, pursuant to 251, for failure to prosecute, although the court subsequently granted a motion to reopen the second judgment of dismissal. Again, in 1987, the court entered a 251 dormancy dismissal; subsequently, the court denied plaintiff's decedent's motion to reopen the third dismissal. In 1988, plaintiff executrix instituted another action, based upon the same cause of action. Plaintiff's complaint asserted that the action was not time-barred by 52-584 because the suit was protected by 52-592. Defendant subsequently filed a motion for summary judgment, arguing that because the suit did not meet the requirements of 52-592(a), the court lacked jurisdiction to hear the action. The trial court granted defendant's motion.
On appeal, the Appellate Court agreed with the trial court's conclusion that "`the egregious conduct of the plaintiff's case was never intended to be saved by the provisions of 52-592.'" Id., 243. The Appellate Court emphasized that "[a]fter nearly eight years, the plaintiff had not managed to prosecute her claim and try the case on its merits[,]" and it affirmed the trial court's judgment. Id.
Plaintiffs' conduct in the present action does not rise to the level of "egregious conduct" demonstrated by the plaintiff in Skibeck v. Avon. Here, plaintiffs have not engaged in a pattern of filing a number of successive actions. Plaintiffs filed the original action in state court on May 10, 1989, and it was dismissed for failure to prosecute on December 7, 1990. The reason for dormancy in the first instance is not of record. The present complaint, based upon the same cause of action as the original complaint, was filed in 1992. The present complaint was filed following a single dismissal for failure to prosecute, the court's subsequent reopening of that dismissal, and the Appellate Court's remand following defendants' appeal.
For the reasons set forth above, the court finds that plaintiffs properly relied upon General Statutes 52-592 and reinstituted their suit in a timely fashion. The defendants' motion for summary judgment is denied. CT Page 11018
Joseph A. Licari, Jr., Judge