[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: DEFENDANT'S (COMMERCIAL DRYWALL CORPORATION) MOTION TO STRIKE (FILE #140)
On or about February 20, 1989, the minor plaintiff was injured when sheets of drywall, leaning against a studded wall, fell over on her. This action was initiated against Yankee on August 13, 1990; on or about September 11, 1990, Commercial was cited in as an additional party/defendant pursuant to Prac. Bk. Section 103. Negligence is premised on CT Page 679 the manner in which the drywall was delivered and stored at a construction site where the child's parents were building a new home.
A motion to strike tests the legal sufficiency of a pleading; it admits all facts well pleaded, and the allegations of the pleading are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them. Ferryman v. Groton, 212 Conn. 128, 142
(1989). The facts alleged in the complaint, or in any count thereof, are to be construed in the most favorable way for the plaintiff. Amodio v. Cunningham, 182 Conn. 80, 83 (1980). Although a motion to strike admits all well pleaded facts, it does not admit legal conclusions or the truth or accuracy of opinions set forth in the particular pleading. Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). If facts provable under the allegations contained in the pleading would support a cause of action, the motion to strike cannot be granted. Ferryman v. Groton, supra at p. 142.
In count three of an earlier revised complaint (File #128), plaintiffs alleged the following:
 "6. Pursuant to the terms of the contract between the defendant, Commercial Drywall, and the defendant, Yankee Building Products, as supplemented by course of dealing and usage of trade, on or about February 20, 1989 Yankee Building Products, Inc., delivered approximately 31 sheets of drywall and left it standing on its side against a wall.
On December 28, 1992, Commercial's motion to strike that revised complaint (Counts Three and Four) was granted, the Court indicating: "There is no allegation that the Defendant, Commercial Drywall Corp., controlled the manner of delivery, or directed how delivery should be made, or had any involvement in delivery — Plaintiffs have failed to allege facts sufficient to give rise to a duty in the Defendant to the Plaintiffs."
The operative pleading at this point is another revised complaint (File #138) dated August 23, 1993. The relevant portions of count three allege, as follows: CT Page 680
 "5. On or about February 20, 1989, the defendant Commercial Drywall Corporation, had contracted with Yankee Building Products for the delivery of approximately 387 sheets drywall, which is identified on its package as westroc wallboard panneau, 1/2", 2-4', weighing approximately 75 pounds each, to the aforementioned house.
 "6. Said contract is a written contract under the language of Connecticut General Statutes Section 42a-2-201(2). Said contract, marked Exhibit A and attached to and made a part of this complaint, in conjunction with the course of dealing between the parties and usage of trade established the terms of the agreement between Yankee Building Products and Commercial Drywall, Inc.
 "7. Pursuant to the terms of the contract between the defendant, Commercial Drywall, and the defendant, Yankee Building Products, as supplemented by course of dealing and usage of trade, on or about February 20, 1989 Yankee Building Products, Inc., delivered approximately 31 sheets of drywall and at the direction of Commercial Drywall, as set forth by the contract and course of dealing, left it standing on its side against a wall." (Emphasis added).
Commercial has again moved to strike counts three and four on the basis that plaintiffs have failed to plead a claim upon which relief may be granted. In its supporting memorandum of law, Commercial asserts that (1) the pertinent allegations contained in the 8/23/93 revised complaint are "nearly identical to their previously stricken form" and fail to state a claim, and, (2) the claim against Commercial is barred by the statute of limitations.
The burden rests on the plaintiffs to allege a recognizable cause of action as to Commercial. Such burden requires pleading facts which, if true, establish in law a right to relief, and which fairly apprise the court, and the adverse party, of the claims being made. Rossignol v. Danbury CT Page 681 School of Aeronautics, Inc., 154 Conn. 549, 557-58 (1967). In count three of their revised complaint (File #138, para. #10), plaintiffs allege that the accident and resulting injuries, damages, and losses were the direct and proximate result of the negligence, carelessness, and recklessness of the defendant, Commercial.[1] "Recovery of damages in negligence requires proof by a fair preponderance of the evidence that the actor owed a duty of care to the victim, which was breached by the actor's failure to meet the standard of care arising therefrom, and that the breach was the proximate cause of the actual harm suffered by the victim." Coburn v. Lenox Homes, Inc., 186 Conn. 370, 372 (1982).
Construing the allegations of the subject revised complaint in a manner most favorable to the plaintiffs, as is required on the instant motion, the claim appears to be that Yankee delivered the sheets of drywall and, "at the direction of Commercial" placed them standing against the framed wall. Plaintiffs apparently maintain that Yankee's placing of the wallboard sheets against the vertical studding (as opposed to lying them down flat on the floor), allegedly done at the direction of Commercial, constituted negligence which was a proximate cause of sustained injuries and losses. The expanded language of count three of the revised complaint (File #138; 8/23/93) addresses the pleading deficiency which resulted in the granting of the prior motion to strike ("no allegation that the Defendant, Commercial Drywall, Corp., controlled the manner of delivery, or directed how delivery should be made, or had any involvement in delivery"); although the allegations are not drafted with optimal specificity, the language in the third count, read favorably to plaintiffs, asserts (and would allow proof) that Commercial directed how delivery of the sheetrock was to be made.[2]
Commercial further contends that the revised complaint (File #138) alleges a new cause of action which is barred by the statute of limitation (General Statutes Section 52-584).[3]
Relying on Morrisette v. Archambault, 31 Conn. Sup. 302
(1974), Commercial maintains the statute of limitations claim is assertable through a motion to strike:
 "Ordinarily, the Statute of Limitations must be raised by special defense. . . When the parties agree that the complaint contains all pertinent facts, the issue may be raised by CT Page 682 demurrer."[4]
Id. at p. 303.
The accident giving rise to plaintiffs' claims occurred on February 20, 1989. Plaintiffs' amended complaint (File #104), filed September 11, 1990, and their second amended complaint, filed September 17, 1990, both alleged that Commercial delivered approximately 31 sheets of drywall and left it standing on its side against a wall.[5] In an August 28, 1992 amendment, plaintiffs alleged that Yankee actually delivered the drywall, but pursuant to the contract between it and Commercial, as supplemented by "course of dealing and usage of trade." Thereafter, as indicated, the allegations were further amended to allege that Yankee "delivered . . . drywall and at the direction of Commercial . . . left it standing on its side against a wall." It is Commercial's contention that the amendments from August 28, 1992 created a new cause of action which was brought beyond the expiration of the statute of limitations.
"An amendment to a complaint that sets up a new and different cause of action speaks' as of the date when it is filed." Felsted v. Kimberly Auto Services, Inc., 25 Conn. App. 665,667 (1991). However, a plaintiff may properly "amplify or expand what has already been alleged in support a cause of action provided the identity of the cause of actions remains substantially the same." (Emphasis added). Id. at p. 667. There are a number of amendments and revisions which have been filed by the plaintiffs in this litigation; it would appear that as the case proceeded, additional and more specific information was developed through discovery and other investigative procedures. In the courts view, after carefully reading the allegations set forth in all of the successive pleadings, the alleged basis for plaintiffs' claims remains "substantially" the same; initially it was alleged that both Yankee and Commercial delivered and placed the drywall, and later, that the drywall was delivered and placed by Yankee at the direction of Commercial. The claims brought against the two defendants in this action remain "substantially" the same, the amendments notwithstanding; accordingly, the facts alleged in plaintiffs' amended/revised complaints have not asserted a new cause of action against Commercial which would be barred by the statute of limitations. CT Page 683
For the foregoing reasons, Commercial's motion to strike counts three and four of the revised complaint (File #138, 8/23/93) is hereby Denied.
Mulcahy, J.