[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#104)
The defendant has filed a motion for a summary judgment asserting that the present action was not commenced within the one year set forth CT Page 7607 provided in General Statutes § 52-592 which provides that a plaintiff may institute a new action within one year after a prior action on the same subject matter has been determined on specific grounds. The plaintiff initially instituted suit against the defendant for injuries claimed to have been sustained in June of 1994 when the plaintiff fell while a patron in the defendant's store. The original action was returnable to the court on July 2, 1996. In January of 1998, the defendant filed a motion for non-suit asserting non-compliance with certain discovery requests. That motion was granted by the court in the following language: "granted with a stay to 5/1/98 for compliance. 3/31/98". Notice of the granting of the motion was forwarded by the clerk's office and received by the parties.
Following the entry of the non-suit, the clerk's office issued various notices with respect to status conferences and when counsel for the plaintiff attended a pre-trial conference on December 3, 1998, he was informed that the computer indicated that the case has been non-suited on June 23, 1998 after commencement of trial. The computer entry is apparently in error as no trial had commenced on the case nor was any other non-suit entered except the one entered by the court on March 31, 1998. On February 10, 1999, the defendant filed a motion to restore to the docket which was denied by the court on April 5, 1999. No appeal was taken either from the March 31, 1998 order of non-suit nor with respect to the April 5, 1999 order denying the motion to restore to the docket.
On June 18, 1999, the plaintiff instituted the present action setting forth the same claims asserted in the action previously instituted. General Statutes § 52-592 provides, inter alia, that if a judgment of non-suit has been rendered in a case, a plaintiff "may commence a new action . . . for the same cause at any time within one year after the determination of the original action. . . ." A matter is "determined" within the meaning of General Statutes § 52-592 when a non-suit is entered not when a motion to reopen or to restore is denied. Jonas v.Unsmoke Services, Inc., 1991 W.L. 107959, p. 1 (Conn.Super. 1991, Maloney, J.); Lee v. Phillips, No. 352222 (Superior Court, Hartford/New Britain at Hartford, November 29, 1988, Corrigan, J.); Morrisette v.Archambault, 31 Conn. Sup. 302, 304 (Conn.Super. 1974, Santaniello, J.).
With respect to the erroneous computer entry indicating a non-suit was entered on June 23, after commencement of a trial, "[T]he ministerial failure of a clerk to enter a judgment into the records does not effect the validity of a judgment of non-suit. A judgment of non-suit is a pro forma action of a clerk. . . . It is of no consequence that the plaintiff did not receive further notice. The original notice was sufficient. The plaintiff was fully aware that a non-suit was to enter unless she complied CT Page 7608 with the order." Osborne v. Osborne, 2 Conn. App. 635, 638 (1984). (Language of the order: "nonsuit to enter unless (the plaintiff) compli(ed) within one week,").
Accordingly when the court issued its order in March of 1998, the latest date at which time it could be considered that a non-suit was entered was May 31, 1998, the date when the stay expired. The present law suit was not brought until June 18, 1999, more than one year after that date.
Accordingly, the motion for summary judgment is hereby granted.
RUSH, J.