[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (MOTION TO STRIKE)
The plaintiff has brought an action seeking injunctive relief and damages from the various defendants, including adjacent property owners, a real estate developer, and the City of Shelton, under negligence, trespass and nuisance theories. In essence, the plaintiff claims that, with the City of Shelton's approval, the defendant, Sunset Development, LLC, developed residential lots, neighboring the plaintiff's lot in a negligent manner, resulting in excessive surface water runoff onto the plaintiff's property.
Essentially, the plaintiff claims that the City of Shelton negligently oversaw the construction and development by the defendants, BBC Corporation and Sunset Development, of residential lots neighboring the plaintiff's property.
The defendant, City of Shelton, has filed a motion to strike claiming general governmental immunity from liability; specific statutory immunity; and that the plaintiff's action against the City of Shelton is time-barred pursuant to the applicable statute of limitations for a negligence action.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [pleading]", including a cross claim." Novarnetrix Med. Sys. v. BOC Group, Inc., 224 Conn. 210, 215,618 A.2d 25 (1992); Connecticut Practice Book § 10-39(a). "In ruling on a motion to strike, the court is limited to the facts alleged in the [pleading]" and "cannot be aided by the assumption of any facts not alleged?" Id.; Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990). "A motion to strike is properly granted if the [claim] allege[s] mere conclusions of law that are unsupported by facts."Novametrix, supra at 215 (citing Cavallo v. Derby Sav. Bank, 188 Conn. 281,285, 449 A.2d 986 (1982) and Mora v. Aetna Life Cas. Ins. Co.,13 Conn. App. 208, 211, 535 A.2d 390 (1988)
Ordinarily, expiration of the statute of limitations must be raised as CT Page 12771 a special defense, but where the complaint contains all facts pertinent to the issue, it may be raised by a motion to strike. Morrisette v.Archambault, 31 Conn. Sup. 302, 329 A.2d 622 (1974); Vilcinskas v.Sears, Roebuck Co., 144 Conn. 170, 127 A.2d 814 (1956). Even if the parties disagree that all facts pertinent to the limitations issue are contained in the complaint, the issue is the proper subject of a motion to strike if all facts necessary to such determination are "apparent on the record". Abate v. Barkers of Wallingiford, Inc., 27 Conn. Sup. 46,48, 229 A.2d 366, 367 (1967).
"When it is apparent from the facts of the complaint that the municipality was engaging in a governmental function while performing the acts and omissions complained of by the plaintiffs, the defendant [is] not required to plead governmental immunity as a special defense and [may] attack the legal sufficiency of the complaint through a motion to strike." Dube v. Bye, 1999 WL 1273699 at 2 (Conn.Super. 1999), quotingBrowm v. Branford, 12 Conn. App. 106, 111 n. 3, 529 A.2d 743 (1987) (internal quotations omitted). "A motion to strike is the proper vehicle for resolving the issues of whether a cause of action is barred by governmental immunity and whether an exception to governmental immunity is sufficiently pleaded." Id., quoting Matthews v. Sklarz, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 582036 (February 25, 1999) (Hennessey, J.), citing Heigl v. Board ofEducation, 218 Conn. 1, 2-3, 587 A.2d 423 (1991); Evon v. Andrews,211 Conn. 501, 502-04, 558 A.2d 1131 (1989)
The court agrees with the defendant City of Shelton's argument that Count 13 is time-barred by the statute of limitations. The plaintiff's only allegation of breach of duty to the plaintiff is that the defendant, City of Shelton, negligently approved the developer's project and issued certificates of occupancy. The plaintiff's complaint alleges that the offending approval was granted on July 7, 1997. The present action was commenced on August 20, 2000. The plaintiff was obligated to bring the present action against the defendant, City of Shelton, no later than July 7, 1999 pursuant to[1] General Statute § 52-584, or at the very latest, July 7, 2000 under the discovery rule contained within § 52-584.
The plaintiff argues that the City's negligence is a continuing course of conduct as the defendant City still fails to prevent surface water from draining onto the plaintiff's property. Thus, claims the plaintiff, the statute of limitations is tolled. Tucker v. Bitonti, 31 Conn. Sup. 643
(1977), citing Handle v. Remington Arms, Co., 144 Conn. 316, 321 (1957).
Plaintiff argues further that as the developer did not begin construction until 1998. Therefore, the plaintiff could not have CT Page 12772 discovered the water runoff problem until sometime after 1998. Thus, argues the plaintiff, the City, in its motion to strike, has not established the date on which the plaintiff knew of the problem; the event that would constitute the date of discovery of actionable harm. See, Lambert v. Stovall, 205 Conn. 1, 6 (1987). The plaintiff concludes, therefore, that since the City has failed to show what the crucial facts are as to its statute of limitations defense, the City has not demonstrated that it is entitled to having the motion to strike granted on these grounds.
The plaintiff is making an argument which does not appear in its complaint against the defendant, City of Shelton. The plaintiff has not alleged a continuing course of conduct. The only allegations against this defendant pertain to negligent, in the issuance of the permits. The permits were issued; they are not in a continuous state of issuance.
The court agrees with the defendant that if, as the plaintiff argues, the proper statute of limitations is[2] General Statute § 52-577, there is no merit to the plaintiff's attempt to engraft a discovery rule onto the statute. General Statute § 52-577 is an occurrence statute and the discovery rule does not apply.
In this case, the principal conduct complained of as it pertains to the defendant City, is the issuance of permits on July 7, 1997.
 "To support a finding of a "continuous course of conduct' that may toll the statute of limitations, there must be evidence of a breach of duty that remained in existence after the commission of the original wrong. That duty must not have terminated prior to commencement of the period allowed for bringing an action for such a wrong.
 To uphold a finding that a duty continued to exist after the cessation of the "act or omission' relied upon, there must be evidence of either a special relationship between the parties giving rise to such a continuing duty or some later wrongful conduct of a defendant related to a prior act."
Fichera v. Mine Hill Corp., 207 Conn. 204, 209-210, 541 A.2d 472 (1988);Blanchette v. Barrett, 229 Conn. 256, 265, 640 A.2d 74 (1994); Grant v.City of New Haven, 1998 Ct. Sup. 9145, No. 382068, Judicial District of New Haven (Blue, J.) (July 28, 1998)
In this case, neither the requirement of a continuing course of conduct CT Page 12773 nor "special relationship" between the plaintiff and the City of Shelton, such as a physician-patient or lawyer-client relationship, has been established. There also is no evidence of some later "wrongful conduct" on the part of the City of Shelton.
As stated previously, "in ruling on a motion to strike, the court is limited to the facts alleged in the [pleading] and cannot be aided by the assumption of facts not alleged." Novarnetrix Medical Systems v. BOCGroup, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
Accordingly, the motion to strike Count Thirteen as to the defendant, City of Shelton, is granted. As the granting of this motion to strike the plaintiff's action against the City of Shelton is dispositive, the court does not address the issues of governmental immunity raised by the defendant.
The Court
Arnold, J.